Johannes, County Judge, vs. Youngs and others.

## JOHANNES, County Judge, vs. YOUNGS and others.

ADMINISTRATORS: SUIT ON THEIR BOND: PLEADING. *(1) Duty of administrator as to filing inventory and accounting. (2) Action for breach of bond, by one person for all interested. (3) Form of complaint in such action.*

In an action on the general bond of administrators, the complaint avers their failure to file an inventory within three months after their appointment, or to render an account of their administration within one year thereafter; that a large amount of property of the estate had come into their hands; that this action was brought "for the use" of one D., who was a creditor of the estate to a specified amount, duly allowed; and that the county judge had authorized D. to bring suit *for his use* on said bond in the name of such judge, under sec. 4, ch. 104, R. S. 1858. *Held*,

1. That a failure of administrators to account within one year (R. S. 1858, ch. 100, sec. 1; ch. 102, sec. 9), *without citation*, is a breach of the bond; as is also a failure to file an inventory as required by the statute.

2. That the facts alleged in the complaint give D. a right to bring an action on the bond, *for the benefit of all persons interested in the estate*, under sec. 4, ch. 104, R. S. 1858.

3. That, it being averred that the action was authorized by the county judge to be brought *under said sec. 4*, and the prayer for judgment being merely for the penalty of the bond, and not for any specific relief in favor of D., the averment that the action was brought for the use of D., may be rejected as surplusage, or treated as an averment that it was brought on D.'s relation or at his instigation; and the complaint regarded as good under sec. 4.

APPEAL from the Circuit Court for *Kewaunee* County.

A portion of the defendants are the administrators of the estate of David Youngs, deceased, and when appointed gave bond to the judge of the county court as required by law. The other defendants are sureties in such bond. This action is upon the bond; and the breaches assigned in the complaint are, that the administrators failed to file an inventory of the estate within three months after they were appointed, and failed to render an account of their administration within one year thereafter, as required by law and by the terms of their bond. The bond is attached to and made a part of the complaint, and is in proper form. After an averment that a large amount of property belonging to the estate of the intestate had come into the hands of the administrators, the complaint contains the following averments: "That this action was brought on the said bond for the use of Albert P. Dickey, who is a creditor to said estate to the amount of six hundred eight $\frac{82}{100}$ dollars ($608.82), as appears by the return and report of the commissioners duly appointed by this court to examine and adjust the claims and demands against said estate, which report is now on file in the county court of Kewaunee county; that on the 28th day of November, 1876, the county judge of Kewaunee county authorized the said Albert P. Dickey to bring suit for his use on said bond in the name of the said county judge, as per the conditions of section 4, chapter 104, Revised Statutes."

The defendants answered a general denial alone, except that one defendant set up his resignation as administrator, and his discharge from liability on the bond.

On the trial, objection was made by the defendants to the admission of any evidence under the complaint, on the ground that it fails to state a cause of action. The court sustained the objection, and rendered judgment dismissing the complaint; from which the plaintiff appealed.[1]

---

[1] Ch. 104, R. S. 1858, contains the following provisions:

"Section 2. An action may be brought upon the bond of any executor or administrator by any creditor, when the amount due to him has been ascer-

Johannes, County Judge, vs. Youngs and others.

For the appellant, there was a brief by *G. G. Sedgwick*, and oral argument by *G. A. Forrest.*

For the respondents, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner.*

LYON, J. The complaint alleges two breaches of the bond in suit: the failure of the administrators to return an inventory of the estate of their intestate within three months, and their failure to render an account of their administration within one year from their appointment, as required by law and the conditions of the bond. R. S. 1858, ch. 100, sec. 1; id., ch. 102, sec. 9.

As to the failure to account, it is claimed that no action can be maintained therefor until after a citation to the administrators to account has issued and has been disobeyed. Sec. 12, ch. 102, is relied upon to sustain the position. That section must be construed with section 9, which imposes upon the administrators the duty of rendering an account, without citation, within one year after their appointment, unless the court enlarges the time, and to render further accounts when required by the court to do so. Section 12 manifestly relates to such further accounts, the obligation to render which is created by the citation, and not to the account which section 9 requires shall be rendered in the first instance.

The complaint not only alleges breaches of the bond in the particulars named, but it also alleges that assets of the estate have come to the hands of the administrators, and that Mr. Dickey is a creditor of the estate. Mr. Dickey is, therefore, interested in the estate, and must necessarily be aggrieved by any maladministration of it.

---

tained and ordered by the order or judgment of distribution to be paid, if the executor or administrator shall neglect to pay the same when demanded."

"Section 4. When it shall appear, on the representation of any person interested in the estate, that the executor or administrator has failed to perform his duty in any other particular than those before specified [viz., payment of debts or distributive shares of the personal estate specified in the order or judgment of distribution], the judge of the county court may authorize any creditor, next of kin, legatee, or other person aggrieved by such maladministration, to bring an action on the bond."

If the allegations of the complaint are true, it is perfectly clear that, with the permission of the county judge, Mr. Dickey may maintain an action on the bond in the name of the judge, under sec. 4, ch. 102, R. S. 1858. It is equally clear that the complaint does not state facts sufficient to maintain an action under section 2 of the same chapter. Hence, the real question in the case is, whether this is an action under section 2 or section 4; and that question must be determined by the complaint.

An action under section 4 is for the benefit of all persons interested in the estate, while an action under section 2 is primarily, perhaps exclusively, for the benefit of the person who brings it. This complaint contains every averment essential to the maintenance of an action under section 4, and it would be perfectly clear that it is a complaint under that section but for the averment that the action is brought for the use of Mr. Dickey, which averment is only appropriate to an action under section 2.

It is expressly stated in the complaint that the county judge authorized Mr. Dickey to bring the action in his name, *pursuant to section 4,* and the prayer of the complaint is for judgment for the penalty of the bond alone. No specific relief is demanded in favor of Mr. Dickey. Looking at the whole complaint, we are of the opinion that the averment that the action was brought for the use of Mr. Dickey may be rejected as surplusage, or treated as an averment that the action was brought on his relation or at his instigation, and that the complaint states a good cause of action under section 4. This may be a liberal construction of the complaint, but not more liberal than it should receive for the purpose of sustaining it when it is assailed for the first time on the trial. *Hazleton v. The Union Bank,* 32 Wis., 34.

We have been referred by the learned counsel to numerous cases having a bearing upon the questions discussed by them in their respective briefs. A review of these cases will not be attempted. They do not seem to be in conflict with each other or with the views above expressed. We cannot indicate (as we

are urged to do) the proper future procedure in the action, for that is a matter not properly before us on this appeal.

It follows that the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.