JOHANNES, County Judge, vs. YOUNGS and others.

*December 19, 1879 — January 7, 1880.*

LEAVE TO SUE *administrator's bond. (1) Objection to be taken by special plea. (2) Leave held sufficient in this case; (3) and its scope explained. (4) Power of county judge to revoke; when alleged revocation waived. (5) Query as to form of judgment for breach of such bond.*

1. The objection that leave to sue an administrator's bond has not been obtained, must be taken by special plea in abatement.
2. A petition having been presented to the probate court for leave to sue an administrator's bond, the judge indorsed upon a certified copy of such

bond an order or certificate reciting that it appeared to his satisfaction that the petitioner was a creditor of the estate, and that the administrator had neglected to file an inventory or to render an account as required by law (these being the facts alleged in the petition), and that, on the petitioner's request, he authorized an action to be brought on the bond. *Held*, a sufficiently formal authority.

3. The authority thus granted was for an action under sec. 4 (and not sec. 2), ch. 104, R. S. 1858.

4. Even if the county judge could revoke such an authority after suit commenced, the objection that he had done so cannot be taken after going to trial on a plea in bar.

5. Whether, under the present revised statutes, the judgment against the administrator, for a breach of his bond, should be for the penalty therein named, *quære*.

APPEAL from the Circuit Court for *Kewaunee* County.

This action was brought in the name of the county judge of Kewaunee county, upon the general administration bond executed by three of the defendants as administrators of the estate of David Youngs, deceased, and by the other defendants as sureties. The answer was a general denial. After evidence offered by the parties had been received, defendants were allowed to amend the answer, in accordance with evidence introduced by them against objection, so as further to allege that after the date of the alleged certificate and order of the county judge allowing the suit to be brought, and after service of the original answer herein, the county judge duly revoked said pretended certificate and order. Afterwards the jury, by direction of the court, returned a verdict for the defendants. The grounds upon which this direction of the court was given, are stated in the opinion. From a judgment pursuant to the verdict, plaintiff appealed.

*G. G. Sedgwick* and *Wm. F. Vilas*, for the appellant.

For the respondents, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

COLE, J. The circuit court directed the jury to find a verdict in favor of the defendants. The grounds or reasons for

this direction, as stated in the bill of exceptions, are: *first*, that there was no such authority to bring the action granted by the county judge, as is required by the statute; *second*, that if authority was granted, it was authority to bring the action under section 2, ch. 104, Tay. Stats., while the action is in fact brought under section 4 of that chapter; and *third*, that the authority was not granted to a creditor of the estate, within the meaning of the statute.

In regard to the first reason assigned for the ruling of the court below, the counsel for the plaintiff give, as it appears to us, two very satisfactory answers. *First*, they contend that the objection that permission or leave was not given by the county judge to prosecute the bond, was only matter in abatement, not in bar to the action, and must be specially pleaded in the answer to be available; and they rely upon the decisions in *Dutcher v. Dutcher*, 39 Wis., 651; *Board of Supervisors v. Van Stralen*, 45 Wis., 675, in support of this position. It is most favorable to the defendants to adopt that view, and to hold that the objection of want of authority to sue the bond is in the nature of a plea in abatement, and that, to entitle a party to the benefit of such a defense, he must specially set it up in his answer at the proper stage of the cause. Here there was a general denial only, raising the question as to the liability of the defendants, and not putting in issue the question whether proper authority had been given to prosecute the bond. And *secondly*, counsel insist that the evidence produced on the trial shows that leave or permission was granted by the county judge to prosecute the bond, before action was brought upon it. The evidence upon that point shows that application by petition was made to the probate court by Mr. Dickey, representing that he was a creditor of the estate, and that the administrators had neglected and failed to make and file an inventory of the estate, and had failed and neglected to render an account as required by law, and asking that leave be granted to bring an action on the bond.

On the back of a certified copy of the bond, the county judge made an order or certificate, stating, in substance, that it appeared to his satisfaction that Dickey was a creditor of the estate; that the administrators had failed to make and file an inventory of the estate, and render an account within a year from the date of their appointment; and that he, therefore, on request of Dickey, authorized an action to be brought on the bond.  It seems to us that this order granting leave to sue the bond was sufficiently formal to meet the requirements of the statute.   The order was in writing, signed by the county judge, and was certainly evidence of authority to sue. Perhaps this is a more liberal rule than the one adopted in Massachusetts on this subject, though, in the leading case of *Fay, Judge, v. Rogers' Administrator, etc.*, 2 Gray, 175, it is admitted that no application was made in writing to the judge of probate asking authority to sue; and there was no record or memorandum in writing, in the probate office or elsewhere, to show that any such authority was given, the only authority to sue being a verbal one.   The defendants in their answer seasonably took the objection, that the party prosecuting the suit had no authority to institute it.   The court sustained the objection, holding that a verbal authority to sue was not sufficient. It is manifest at a glance that that case presented a different question from the one arising upon this record.

The next reason assigned for the direction is, that, if authority was granted, it was authority to bring the action under sec. 2, ch. 104, while the action in fact was brought under section 4 of the chapter.   This view is distinctly negatived by the terms of the order itself, and by the decision of this court on the former appeal.   45 Wis., 445.   It was there held that the action was under section 4, for the benefit of all persons interested in the estate; the averment in the complaint that it was for the use of Mr. Dickey being treated as surplusage.  This is all we deem it necessary to say in order to point out the error of the court below in directing a verdict for the defendants.

The point is made in the brief of counsel for the defendants, that the evidence on the trial showed that the permission to sue the bond was revoked by the county judge after this action was commenced. It must be obvious from what has already been said, that it was improper to raise any such issue after pleading in bar to the action and going to trial of the cause upon the merits. Besides, the evidence entirely fails to sustain the position of counsel, conceding that the county judge could revoke the authority granted after an action had been commenced for a breach of the bond.

The counsel for the plaintiff ask that the cause be remanded with directions to enter judgment for the plaintiff for the penalty of the bond. That would be the form of the judgment, undoubtedly, at common law; but the question whether or no the rule has been changed by the present revision is important, and was not discussed upon the argument. We do not, therefore, feel like expressing an opinion as to the proper form of the judgment at this time.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.