[No. 15004.    Department Two. — August 12, 1892.]

HENRY GUTZEIL, RESPONDENT, *v.* JAMES C. PEN-
NIE ET AL., APPELLANTS.

UNDERTAKING ON APPEAL — EXECUTION BY FOREIGN SURETY CORPORATION
— AUTHORITY OF OFFICERS. — An undertaking upon appeal, executed by
a foreign surety corporation, and signed in behalf of the corporation
surety by its second vice-president and its assistant secretary, with the
seal of the corporation affixed, will not be declared void, as not being
properly signed, where there is nothing to show that such officers were
not authorized to sign and deliver it.

ID. — AUTHORITY OF FOREIGN CORPORATION TO TRANSACT BUSINESS — CERTIF-
ICATE OF INSURANCE COMMISSIONER — DISMISSAL OF APPEAL. — A motion
to dismiss an appeal upon the ground that the undertaking was executed
by a foreign surety corporation which had not filed with the secretary of
state a designation of some person residing in this state upon whom ser-
vice of process could be made, as required by the act of April 1, 1872
(Stats. 1871-72, p. 826), will be denied, where it appears from the certifi-
cate of the insurance commissioner of this state that the surety corpora-
tion is duly authorized to transact business in this state.

ID. — EFFECT OF CERTIFICATE — PRESUMPTION. — There is a presumption
that the insurance commissioner properly performed his official duty in
issuing the certificate, and such certificate is *prima facie* evidence that
the surety company has complied with section 616 of the Civil Code,
though it does not expressly so state.

ID. — CONSTRUCTION OF CODE — DESIGNATION OF AGENT OF FOREIGN SURETY
CORPORATION — FILING IN OFFICE OF INSURANCE COMMISSIONER — STAT-
UTE OF LIMITATIONS. — Section 1056 of the Code of Civil Procedure, giv-
ing the insurance commissioner the same jurisdiction and powers to
examine the affairs of a surety corporation as he has in other cases, and
requiring him to file similar statements and issue similar certificates, and
section 616 of the Political Code, providing that the commissioner is not
authorized to issue such a certificate to a foreign insurance company until
it has first filed in his office "the name of an agent and his place of res-
idence in this state, on whom summons and other process may be served
in all actions or other legal proceedings," apply to a foreign surety com-
pany; and when such a corporation has filed with the insurance commis-
sioner the designation required by section 616, that is all that is required
of it in the matter of naming an agent upon whom process may be
served, to entitle it to do business in this state, although the failure to
file such designation with the secretary of state might deprive it of the
benefit of the statute of limitations, as provided by the second section of
the act of April 1, 1872.

MOTION to dismiss an appeal from the Superior Court
of Santa Clara County. The facts are stated in the
opinion of the court.

*Barker & Leib*, for Appellants.

*Eugene N. Deuprey*, *W. L. Gill*, and *J. R. Patton*, for Respondent.

DE HAVEN, J. —The undertaking on appeal herein was executed by the American Surety Company, a foreign corporation, and the respondent moves to dismiss the appeal, upon the ground that the undertaking is not properly signed, and upon the further ground that the corporation has not filed with the secretary of state a designation of some person residing in this state upon whom service of summons may be made, as required by the act relating to foreign corporations, approved April 1, 1872.   (Stats. 1871–72, p. 826.)

1. The undertaking is signed in behalf of the corporation surety by its second vice-president and its assistant secretary, and has affixed to it the seal of the corporation.   There is nothing before us to show that these, officers were not authorized to sign and deliver the undertaking, and we cannot, therefore, hold that the undertaking is void because not properly signed.

2. The corporation has never filed with the secretary of state a paper designating the person upon whom service of process can be made for it in this state, as required by the act of the legislature above referred to; but it appears from the certificate of the insurance commissioner for this state that "the American Surety Company of New York City, New York, is duly authorized to transact business in this state, and has been so authorized since December 5, 1884." It is provided by section 1056 of the Code of Civil Procedure that in respect to corporations organized for the purpose of becoming surety on bonds or undertakings authorized by law, " the insurance commissioner shall have the same jurisdiction and powers to examine the affairs of such corporations as he has in other cases; [and] shall require them to file similar statements, and issue to them a similar certificate."

The certificate referred to in this section is one that the

corporation is authorized to transact business in this state, and the insurance commissioner is not authorized to issue such a certificate to a foreign insurance company until it has first filed in his office " the name of an agent and his place of residence in this state, on whom summons and other process may be served in all actions or other legal proceedings against such corporation or company." (Pol. Code, sec. 616.) We think that under section 1056 of the Code of Civil Procedure this provision of section 616 of the Political Code also applies to corporations like that executing the undertaking on appeal in this case, and that when such a corporation has filed with the insurance commissioner the designation required by this section of the Political Code, that is all that is required of it in the matter of naming an agent upon whom process in actions against it may be served, to entitle it to transact business in this state, although the failure to file such designation with the secretary of state might deprive it of the benefit of " the statutes of this state limiting the time for the commencement of actions," as provided by the second section of the above-mentioned act of April 1, 1872.

The certificate of the insurance commissioner, filed by the appellant herein, while it does not expressly state that the American Surety Company has complied with section 616 of the Political Code, is at least *prima facie* evidence that it has done so. There is a presumption that the insurance commissioner properly performed his official duty in issuing this certificate, and in the absence of any evidence showing that this certificate was issued under circumstances not authorized by law, the certificate will be regarded as sufficient proof that it was properly issued, and that, as stated above, the American Surety Company had and has authority to transact business in this state. If, in fact, that corporation has not complied with the section of the Political Code above referred to, the respondent will be permitted to renew his motion, and show that the certificate was improperly

issued, but upon the facts now before us, the motion to dismiss the appeal must be denied.

Motion denied.

Sharpstein, J., and McFarland, J., concurred.