Bullen vs. Milwaukee Trading Co.

BULLEN, Respondent, vs. MILWAUKEE TRADING COMPANY, imp., Appellant.

*January 9 — February 1, 1901.*

(1) *Trial: Submission of issues: Immaterial error.* (2-4) *Corporations: Contracts: Ultra vires: Authority of officers: Promissory notes.*

1. If all the issues of fact raised by the pleadings, that are controverted on the evidence, are submitted to the jury for determination, the omission to submit other issues is not reversible error.

2. If a person, acting in good faith, contract with a corporation upon the strength of the apparent authority of those acting in its behalf, and the corporation receive the benefit of the contract, it is bound, regardless of whether its agents had actual authority in the premises or the contract was within the scope of its corporate powers.

3. If the officers of a corporation, who, customarily, are empowered to act in its behalf, execute a promissory note in its name, and cause such execution to be authenticated by the corporate seal, the presence of such seal upon the instrument carries with it *prima facie* proof of authority in fact to execute the paper.

4. If a corporation, by its officers having apparent authority to do so, execute an instrument in the form of a promissory note, cause the same to be indorsed by the payee, transfer it to a third person, taking therefor a check payable to the order of the treasurer of the corporation,— which check is delivered to such treasurer as the proper custodian of corporate property of that kind,— and the check is duly presented for payment and paid, the proceeds of the note must be regarded as having reached the corporation, regardless of whether its officers had actual authority in the matter or not, or what subsequently became of such proceeds.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

Action to recover on a note of which the following is a copy:

"$1,500.00.          Milwaukee, Wis., Aug. 28th, 1896.

"One year after date *Milwaukee Trading Company* promises to pay to the order of Wm. J. Morgan & Co., at their office, 411, 4th floor, Pabst Bldg., fifteen hundred and no-100ths dollars, value received, with interest at the rate of 7 per cent. per annum.

"MILWAUKEE TRADING Co.     [Corporate Seal.]
"By Fred Bjorquist, Pres.
"By Wm. J. Morgan, Secy."

Bullen vs. Milwaukee Trading Co.

The complaint contained the necessary allegations to entitle plaintiff to recover against the maker and indorsers of the instrument as negotiable commercial paper. The answer put in issue the authority of the officers of the corporation to make the instrument and alleged that it was made by the firm of Win. J. Morgan & Co. as a means of availing themselves of the credit of the corporation for their own use; that the instrument was not negotiable; that no consideration was received for it by the corporation; and that plaintiff took it charged with knowledge of the facts.

On the trial plaintiff produced the note and it was received in evidence. Evidence was also offered and received showing that the members of the firm of Win. J. Morgan & Co. owned all of the stock of the corporation except two shares; that its financial operations were wholly conducted through the firm; that the members of the firm were directors of the corporation; that they were accustomed to manage the corporate business as if it were theirs exclusively; that they used the corporate name as a cover for their private operations; that such was the real purpose of the corporation, that is, that it was an organization designed to enable Win. J. Morgan & Co. to do business under a corporate name; that they, as officers of the corporation, were accustomed to make notes and then to negotiate them as the firm of Win. J. Morgan & Co. when the corporation needed money, passing the proceeds to its credit in an account between it and the firm, and charging it with the money paid out in the business done by them in its name; that the note sued on was negotiated with one Haskins, he giving his check therefor, payable to the corporation, which check was delivered to the secretary and treasurer of the corporation, and was by him realized on, the money being credited as usual to the corporation in the account of Win. J. Morgan & Co. with it.

There was further evidence tending to show that a settle-

ment was made between Win. J. Morgan & Co. and the corporation in which the latter received the full benefit of the proceeds of the note. There was further evidence from which defendant claimed that when the note was negotiated the corporation was not indebted to Win. J. Morgan & Co., and that there never was any legitimate indebtedness on the part of said firm against the corporation upon which the credit of the proceeds of the note could have been applied. There was no evidence showing that plaintiff and his assignor did not obtain the instrument sued on for value before due and without notice of any infirmity therein.

At the close of the evidence plaintiff's counsel moved the court for the direction of a verdict in his favor, which was denied. Thereupon, at the request of counsel for the corporation, the court submitted the cause to the jury to determine whether it received value for the note. The result was a finding in plaintiff's favor, upon which judgment was rendered for the full amount due upon the note according to its terms, with costs. From that judgment this appeal was taken.

For the appellant the cause was submitted on the brief of *Turner, Pease & Turner*.

*A. B. May*, for the respondent.

MARSHALL, J. Several questions are discussed in the brief of counsel for appellant, the solution of which is not necessary to a determination of this appeal, because if the one submitted to the jury was properly answered, the fact found is conclusive.

It is said that all the material issues were not submitted to the jury. There is no reversible error in that if all the issues of fact on the pleadings, that were controverted on the evidence, were so submitted. *Weisel v. Spence,* 59 Wis. 301; *Stringham v. Cook,* 75 Wis. 589; *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 312. The issue that counsel suggests

was improperly omitted from the submission to the jury, is that in regard to the authority of the officers of appellant to execute the note in its behalf. On that subject the evidence was all one way. Had a question been submitted it would reasonably have admitted of but one answer. The evidence shows, without room for reasonable controversy, that prior to the making of the note the business of the corporation was customarily conducted by the persons who pretended to act in its behalf in the instance in question, and that such business included the making of instruments of the kind in suit; that all the affairs of the corporation, in fact, so far as the public was concerned, were intrusted to those persons who composed the firm of Win. J. Morgan & Co., and that whatever they did, pretending to act for the corporation, was always recognized as binding upon it. Under such circumstances a corporation is bound by the acts of those whom it holds out as its agents precisely the same as is a private person. The idea that every time a person deals with an officer of a corporation, or person assuming to act in its behalf, he must under all circumstances take his chances on whether such officer or person has been specially authorized in regard to the matter, has no place in the law in our day. Proof of apparent authority of a corporate officer to contract in its behalf *prima facie* establishes actual authority so to do, and evidence of want of such authority will not relieve the corporation from the burden of a contract made with reasonable reliance upon such apparent authority, if such corporation is responsible for such appearance. *Ford v. Hill*, 92 Wis. 188; *McElroy v. Minn. P. H. Co.* 96 Wis. 317.

There is no evidence to rebut the proof of apparent authority to execute the note. All the indications from the evidence are that such authority was relied upon, and without negligence, by all the persons who became interested in the note. Again, the fact that the note was executed under.

Bullen vs. Milwaukee Trading Co.

seal carried with it *prima facie* appearance of authority, and made *prima facie* proof thereof, which is not weakened by any circumstance or evidence that appears in the record. Thompson, Corp. §§ 4623, 4624; *McElroy v. Minn. P. H. Co., supra.*

There is a further conclusive answer to the complaint that the court failed to submit the question of the authority of the officers of the corporation to make the note. The request made to the court to submit the single issue as regards whether the corporation received consideration for the note waived the submission of any other question of fact.

But it is said the note was issued without consideration and came to the possession of plaintiff affected with that infirmity. On this branch of the case it seems to be conceded that if the finding of the jury is right the judgment must stand, because if the corporation received consideration for the paper it cannot be heard to deny liability thereon even though its officers had no authority to make it and the corporation no legal authority to empower them to do it. The doctrine of *ultra vires* cannot be invoked by a corporation for the purpose of escaping a burden resulting from a contract so far executed that the corporation has received the benefit thereof. That most wholesome doctrine is well established. *John V. Farwell Co. v. Wolf*, 96 Wis. 10; *Zinc Carbonate Co. v. First Nat. Bank*, 103 Wis. 125. Such doctrine, with that other to which we have adverted,— that corporations, like individuals, are bound by the apparent authority of their agents for which they are responsible,— is reasonable and necessary to modern methods of doing business. Without those certain safeguards it would be impossible to transact business without intolerable embarrassments. If a corporation offends against the law of its creation by a transaction so far consummated that it has become possessed of the fruits thereof, it cannot shield itself from the consequences by the doctrine of *ultra vires.* It may be

punished by the state against whom the offense was com-
mitted, but is powerless to add to the wrong by invoking
the doctrine of *ultra vires* to perpetrate a fraud upon an in-
nocent member of society. Again, if a corporation has
power to contract as to a particular matter, and is respon-
sible for the appearance of authority of a person who as-
sumes to act in its behalf in that field, another acting in
good faith may safely rely on such appearance; and if it
is not supported by authority in fact the corporation must
look to its guilty agent for redress, the same as an individual
under like circumstances, rather than that the innocent per-
son shall be made to suffer the consequences of the wrong.
It follows that the finding of the jury, if right, renders all
other questions immaterial.

It is argued that the verdict is contrary to the evidence
because it appears conclusively that the proceeds of the note
were absorbed by Win. J. Morgan & Co. on the pretense of
crediting the same to the corporation; that there was no
indebtedness of the latter upon which such proceeds could
have been legitimately applied. Looking at the record as
favorably as we can for appellant, there is credible evidence
both ways on that subject, and also evidence tending to
show that the credit to the corporation actually entered
into a settlement between it and the firm, in which the cor-
poration received the full benefit of the note. In that view,
it cannot be said but that the verdict is supported by the
evidence. But let that be as it may, the evidence shows
without reasonable controversy that the corporation re-
ceived the proceeds of the note before the same came to the
hands of Win. J. Morgan & Co. True, it is said there is
reasonable ground for the belief that the check claimed to
have been received for the note was used in a transaction
that had no connection with the paper, but we cannot un-
derstand the evidence that way. It was dated September
21, 1896, was made by Haskins, respondent's indorser, and

was for $1,992.70.  The difference between the amount of the check and the face of the note is fully accounted for. Win. J. Morgan testified positively, and his evidence does not seem to be weakened by any other, that the check represented the proceeds of the note.  It was made payable to the corporation and delivered to its secretary and treasurer, and was by him realized on as such secretary and treasurer, the money being then credited by him in the account between the corporation and Win. J. Morgan & Co.  In that situation it must be said that the proceeds of the note came first to the possession of the corporation and that its status thereby became fixed.  If the corporate officers thereafter embezzled the money of the corporation or converted it in any way to their own use, that did not change the relation of the corporation to the holder of the note.  As to him it received a full consideration for the instrument.  The loss to the corporation, if there was such loss, left it bound to pay the note just the same.  In that aspect of the case,— and in our judgment it is the true one,— respondent was entitled to a judgment upon the evidence as a matter of law, and the motion to that effect should have been granted at the close of the evidence.

*By the Court.*— The judgment is affirmed.