CITY OF MILWAUKEE, Respondent, vs. HERMAN ZOEHRLAUT
LEATHER COMPANY, Appellant.

*April 4—April 22, 1902.*

*Municipal corporations: Water supply: Recovery for water taken
clandestinely: Capacity to sue: Authority of city attorney:
Pleading.*

1. A municipal corporation authorized by law to maintain water-
works and furnish water to private consumers has the right
to sue and recover for water taken and not paid for, the same
as an individual or a private corporation.

2. Although a city has established water rates and is empowered
to collect such rates as taxes are collected, it may nevertheless
recover the value of water clandestinely taken from the mains,
in an action for conversion.

3. A provision in a city charter that "the city attorney shall con-
duct all the law business of the corporation and of the depart-
ments thereof, and all other law business in which the city shall
be interested, when so ordered by the common council," does
not affect the question of the city's legal capacity to sue; and
the objection that the city attorney had not been ordered by
the council to commence an action is not ground for demurrer,
but must be raised, if at all, by answer.

APPEAL from an order of the circuit court for Milwaukee
county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

This is an action to recover the value of water alleged to
have been wrongfully and clandestinely taken from the water
mains of the city by the defendant. The complaint alleged,
in substance, the corporate character of the city as a munici-
pal corporation, and that it was by its charter empowered
to erect and maintain waterworks for supplying pure water
to the inhabitants of said city; that in pursuance of said
power the city had erected and maintained waterworks, and
had for many years furnished water to the inhabitants of
said city, for domestic or manufacturing purposes, through
pipes or mains laid in the streets thereof; that the defendant,
a domestic manufacturing corporation, for years had main-

tained and operated a tanning business upon certain lots adjoining certain streets of said city, upon which streets water mains existed; that in September, 1884, the plaintiff city adopted certain rules and regulations governing the supply and use of said water, and also fixed certain rates for such use, which rules, regulations, and rates are attached to the complaint as exhibits; that the defendant commenced about the 1st day of January, 1893, to wrongfully take and use water from the said water mains, and continued to take and use the same up to the 7th day of January, 1901, by means of connections wrongfully made by the defendant with the said water mains without the knowledge of the said city; that the amount so clandestinely taken and used by the said defendant between January 1, 1893, and February 13, 1899, was 6,143,700 cubic feet, and the amount so taken and used between February 13, 1899, and January 7, 1901, was 1,906,150 cubic feet, and that by reason of the taking of said water the defendant became indebted to the said city in the gross sum of $3,601.95, for which sum and interest judgment was demanded. The defendant demurred to the complaint upon the general ground of insufficiency of the facts, and upon the further ground that it appeared that the plaintiff had no authority to sue, in that the common council of said city had not authorized the commencement of the action. The demurrer was overruled, and the defendant appeals.

For the appellant there was a brief by *Nath. Pereles & Sons,* and oral argument by *J. D. Goff.*

For the respondent there was a brief by *Joseph B. Doe,* assistant city attorney (*Carl Runge,* city attorney), and oral argument by *Mr. Doe.*

WINSLOW, J. This is an action to recover the value of "stolen waters." Whether they were sweet or not does not appear; but it is distinctly charged that they were the property of the city in its mains, and that they were clandestinely

appropriated by the defendant to its own use, and have never been paid for. If the water alleged to have been taken belonged to an individual or a private corporation authorized to deal in water, we apprehend there would be no question raised as to the right of recovery. The fact that the plaintiff is a municipal corporation cannot logically affect the right to recover, so long as it is endowed by law with the power to maintain waterworks and furnish water to private consumers. The water in its pipes is property, it belongs to the city, it is of some value, and it is charged to have been taken by the defendant and never paid for. This makes a complete case, on very well established legal principles. Nor can the fact that the city has established water rates and is empowered to collect such rates from consumers as taxes are collected, affect the right to recover the value of water taken in defiance of the city's regulations. That method of payment was primarily intended for water sold by the city to consumers in accordance with its rules. Granting that this method may be used also to recover payments for water clandestinely taken and converted, it cannot logically be held that it excludes the previously existing common-law remedy by way of an action for conversion. This proposition seems too clear for argument or discussion.

Nor can the objection that the city has not legal capacity to sue prevail. This objection seems to be based upon a legal misconception. The argument in favor of the objection runs thus: The city charter provides that "the city attorney shall conduct all the law business of the corporation and of the departments thereof, and all other law business in which the city shall be interested, when so ordered by the common council." Sec. 5, subch. III, ch. 184, Laws of 1874. It is not alleged in the complaint that the city attorney has been "ordered by the common council" to commence this action; hence the city has no legal capacity to sue. The argument is plainly a *non sequitur*. The city is given the power to sue

and be sued, in express terms, by its charter. Sec. 1, subch. I, ch. 184, *supra*. By this provision it is fully endowed with legal capacity to sue. If its legal representative must, under the charter, be specially directed to bring an action, before he is empowered to launch the city into litigation (a point not decided), still the city's legal capacity to sue is unaffected. The objection that no such authority has been given goes simply to the attorney's authority, and the statute nowhere dignifies this objection into a ground for demurrer. If it be a good objection, it must logically be raised by answer.

*By the Court.*—Order affirmed.