TOWN OF BELOIT, Appellant, vs. HEINEMAN, Respondent.

*April 19—May 8, 1906.*

*Pleading: Matter in abatement: Waiver: Towns: Authority to sue:
Power to make lease: Estoppel of lessee: Appeal: Reversal: Di-
rection of judgment.*

1. In an action by a town to recover money alleged to be due it on
contract, the objection that the electors did not in town meeting
authorize the bringing of the action goes wholly in abatement,
and, unless expressly pleaded, is waived.

2. One who, under a lease from a town, has used its property cannot
question the power of the town to make such lease in order to
repudiate his agreement to pay for what he has received there-
under.

3. In an action by a town for rent of a stone crusher and for the cost
of repairs thereon which defendant had agreed to pay, the com-
plaint alleged the cost of such repairs to be $253.10. The jury
found that the cost of such repairs was $263.85. On reversal of
a judgment erroneously rendered against the town, judgment is
directed for the rent and for the cost of repairs as alleged,
the evidence establishing the larger amount not having been so ad-
mitted without objection as to justify treating the complaint as
amended in that particular.

APPEAL from a judgment of the circuit court for Rock
county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

The complaint alleges leasing by plaintiff to defendant of a
certain stone crusher on November 4, 1902, upon an agree-
ment by the latter to pay for its use $4 per day and to keep
same in good repair, and that defendant used said machine
until a certain date in May, when, on examination, it was
found to be in very serious disrepair, dangerous to its exist-
ence if used, and protest was made against its further use,
whereupon defendant agreed that, if permitted to use it with-
out interruption, he would put it in first-class condition.
Claim is made for $140 of rental and $253.10 costs of neces-
sary repair paid by the city. The answer admits that the ma-
chine belonged to the city, but alleges that it was hired from

one Powers in November, 1902, who then was chairman of the town board, and that the hiring and use was completed and paid for, and that again in April, 1903, the defendant rented the machine from Powers at $4 per day, and denies any agreement to repair or that it got out of repair by reason of any misuse of the defendant, and denies the alleged later agreement to put the machine in good condition, and then sets up that the contract of leasing on the part of the town was *ultra vires* and void.

Upon the trial objection was made to any evidence under the complaint for the reason that no action of either the electors in town meeting or formal action by the town board had been taken to authorize the bringing of the suit. Evidence was taken, followed by a special verdict to the effect (1) that the machine belonged to the town; (2) that the November, 1902, agreement was performed and payment made; (3, 4) that another agreement was made in the spring of 1903 for $4 a day and the making of all repairs; (5) that the machine was then out of repair, especially in that the axle was defective and sprung; (6) which caused, in operation, other injuries to the crusher; (7) the cost of repairing which was $263.85; (8) that the crusher got out of repair in the spring of 1903 otherwise than by ordinary wear, by reason of carelessness and negligence of the defendant; (9) that the expense of repairing the damages caused by such carelessness and negligence was $263.85; (10) that defendant, in consideration of being allowed to complete the use he desired of the crusher, agreed that he would have the same repaired and placed in the best possible condition satisfactory to the plaintiff; and (11) the expense of so doing was $263.85. It was admitted that the crusher was used in the spring of 1903 for eighteen days. It appeared that all the town supervisors participated in bringing the suit, but there was no record of any formal meeting or vote to that effect. It was conceded that no authority had been given at any town meeting.

After the entry of the verdict the plaintiff moved for judgment upon the verdict and undisputed evidence for the $263.85 and $72 of rent.   Defendant moved that the verdict be set aside and the complaint dismissed, for the reason that the same failed to state a cause of action or facts sufficient to support a judgment, and failed to show that the action was directed by the electors of the town or that the town board took any official action with reference thereto, and, in fact, affirmatively showed the contrary, and because the verdict was contrary both to law and to the evidence.   Defendant also moved for a new trial on various grounds.   The court held that, by reason of the absence of any authority from the electors to institute the suit, the complaint and evidence were insufficient to give the court jurisdiction, and therefore set aside the verdict and entered judgment dismissing the complaint, without prejudice to plaintiff's right to bring another action, and without costs.   From such judgment plaintiff appeals.

For the appellant there was a brief by *T. S. Nolan* and *John Cunningham,* and oral argument by *Mr. Cunningham.*

For the respondent there was a brief by *O. A. Oestreich* and *Edward H. Ryan,* and oral argument by *Mr. Oestreich.*

DODGE, J.   The contention of respondent, made as demurrer *ore tenus,* which prevailed with the trial court, that this action must be dismissed because it did not affirmatively appear that the electors in town meeting had authorized the commencement of this action, came altogether too late.   The cause of action presented was on contract to recover that which the defendant had promised to pay for the use of the town's property.   It was entirely a common-law cause of action, upon which the town, under its general corporate powers to sue and be sued, could maintain action except for some statutory limitation.   If it be true, as argued, that a vote of the electors was a necessary preliminary to the bringing of a suit, an ob-

jection to the action on that ground went wholly in abatement. It did not deny the indebtedness of the defendant to the town nor existence of the cause of action, but raised an obstacle which, until removed, postponed the right to commence the suit. This is distinctively matter in abatement, and, unless expressly pleaded, is waived. *Milwaukee Co. v. Hackett,* 21 Wis. 613; *Johannes v. Youngs,* 48 Wis. 101, 4 N. W. 32; *Milwaukee v. Herman Zoehrlaut L. Co.* 114 Wis. 276, 90 N. W. 187; *Bunker v. Hudson,* 122 Wis. 43, 53, 99 N. W. 448. The further objection which was not passed on by the trial court, that there was neither allegation nor record proof of formal resolution by the town board to institute the action, is exactly of the same character and ruled by the same considerations.

Another contention, not reached by the trial court, is that a contract to lease to defendant the stone crusher was beyond the corporate power of the town, and that, even if within such power, it was not within the powers delegated by law to the town board or any member or members thereof. Whatever limitations may have existed on the power of the town or on the town board or its officers to confer upon an individual the right to use such machine, they are entirely immaterial to the defendant, who has actually enjoyed that privilege under an attempted contract. No limitation rested upon his ability or power to agree to pay for such use, and he, having received all the benefits of such a contract as if it were valid, cannot now question its validity in order to repudiate his agreement to pay a price for that which he has received. *Farmers' & M. Bank v. Detroit & M. R. Co.* 17 Wis. 372; *Bullen v. Milwaukee T. Co.* 109 Wis. 41, 44, 85 N. W. 115; *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 94 N. W. 74; *Madison v. American S. E. Co.* 118 Wis. 480, 95 N. W. 1097.

These views, resulting, as they do, in a legal liability of the defendant to respond for the price he agreed to pay for the use of this machine which he has had, render immaterial nu-

merous other questions argued by counsel, such, for example, as whether the town board can institute a suit of this character without the vote of the electors, whether their decision so to do must be matter of record and proved by the record, whether it is to be presumed in absence of evidence, and whether either the town or its officers can rent such a machine.

The remaining question is whether a new trial is necessary, or whether, upon the facts found by the jury, judgment should have been entered in favor of the plaintiff. The verdict finds that in April, 1903, defendant promised to pay $4 a day for the use of the machine. Indeed, the answer so admits. Defendant's foreman himself testified that he used it eighteen days, which, at $4 per day, amounted to $72. Hence the *per diem* rental to that amount was undisputed. As to the defendant's liability for repairs, we confess there is some confusion upon the face of the verdict, which finds, first, that damage costing $263.85 to repair was proximately caused by a defect in the crusher, for which it might be argued defendant was not responsible, and then finds that exactly the same amount was required to repair damages caused by defendant's carelessness and negligence while using the machine, thus at least suggesting a doubt whether the jury had not found that the same injury was proximately caused by the ancient defect in the machine and also was caused by carelessness or negligence of the defendant, upon which view respondent insists the verdict is inconsistent. Nevertheless, by the tenth question, the jury also found that a new agreement was made by the defendant that, in consideration of being permitted to complete his work with the crusher, he would pay all expenses of putting it in best possible condition and entirely satisfactory to the plaintiff. There was evidence to support this finding, to the effect that about May 1, 1903, such agreement was made. Upon this last contract defendant's liability for such necessary expenses was complete, irrespective of whether they had been rendered necessary by an original defect in the ma-

chine or by his mismanagement of it. The amount of the repairs so rendered necessary is again found to be $263.85, and is supported by the evidence, but not by the allegations of the complaint, which assert only expense to the amount of $253.10. It cannot be said that the evidence establishing the larger amount was so admitted without objection as to justify us in treating the complaint as amended, and judgment upon the verdict must, therefore, be limited to the amount prayed in the complaint, together with interest from the date of the commencement of this suit.

*By the Court.*—Judgment is reversed, and cause remanded with directions to enter judgment in favor of the plaintiff for the sum of $325.10 and interest from date of commencing suit, and for costs.