[Civ. No. 596. First Appellate District.—May 17, 1909.]

## W. I. STONE, Respondent, v. GEORGE F. GRAY and HARRY GRAY, Copartners, etc., Under the Name of GRAY BROTHERS, Appellants.

ACTION ON BURNED NOTE—ASSIGNMENT FOR COLLECTION—LOSS BY BANK—EVIDENCE—REASSIGNMENT TO PAYEE—OFFICERS OF BANK—CORPORATE SEAL.—In an action on a burned note, which the payee had assigned to a bank for collection, in whose possession it was destroyed in the conflagration of April 18, 1906, the court properly admitted evidence of a reassignment of the note by the vice-president and cashier of the bank, with its corporate seal attached, with testimony not objected to that such officers were authorized to make the assignment, the corporate seal being, of itself, sufficient *prima facie* evidence that such officers were authorized to execute the same, and that the execution thereof was the act of the corporation.

ID.—ACTION BY ASSIGNEE OF PAYEE—BOND OF INDEMNITY FOR DESTROYED NOTE—FORM.—Where the action on the destroyed note is brought by the assignee of the payee, the assignee, as holder, is required by the terms of section 3137 of the Civil Code to give to the makers a bond executed by himself and two sufficient sureties to indemnify them against any lawful claim thereon. Such bond is not required to fix any penal sum; but the parties executing it under the statute are liable to the full extent of the lost note by way of indemnity.

ID.—PAYEE OF NOTE NOT REQUIRED TO GIVE BOND.—The payee of the lost note who is not the holder at the time of its enforcement for payment is not required to give any indemnifying bond to the makers of the note. The statute requires such bond only of "the holder" of the lost or destroyed note.

10 Cal. App.—39

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Ames & Manning, for Appellants.

Cushing, Grant & Cushing, and Cushing & Cushing, for Respondent.

HALL, J.—This is an appeal from a judgment in favor of plaintiff for the sum of $1,236.54.

The complaint is in two counts. The first count charges upon a promissory note executed by defendants to plaintiff's assignor, Union Machine Company (a corporation), for the principal sum of $1,000, with interest at seven per cent per annum from its date January 28, 1906.

Prior to the conflagration of April, 1906, the note had been transferred to and left with the Germania National Bank for collection only, for account of the Union Machine Company, and was destroyed by said conflagration while in possession of the bank. Plaintiff, over the objection and exception of defendant, put in evidence an assignment of said note from said bank to the Union Machine Company. This assignment was under the seal of the corporation bank, and was signed by the vice-president and cashier. The objection to its introduction was that it was not shown that the officers signing on behalf of the bank had authority to assign the note. This objection was utterly without merit. The vice-president of the bank testified without objection that he and the cashier had such authority—and the seal of the corporation was itself *prima facie* evidence that the officers executing the instrument were duly authorized, and the execution thereof the act of the corporation. (10 Cyc. 944; *Bullin* v. *Milwaukee Trading Co.,* 109 Wis. 41, [85 N. W. 115]; *McCracken* v. *City and County of San Francisco,* 16 Cal. 639; *Gutzeil* v. *Pennie,* 95 Cal. 598, [30 Pac. 836]; Angell & Ames on Corporations, sec. 224.)

The only other point relates to the sufficiency of the indemnity bond offered by plaintiff, the holder of the note.

This instrument was executed by plaintiff and two sureties, who were admitted to be financially good. The only objection to the bond is that it did not fix a penal sum. The principal and the two sureties in said bond jointly and severally agreed to indemnify defendants against any lawful claims upon said note. This fully complied with the statute. (Civ. Code, sec. 3137.) Under this bond the parties executing it would be liable in any amount, and in this respect the bond was more favorable to the defendants than would have been a bond in which the liability could not exceed the amount fixed as the penal sum. The statute does not give the form of the bond. It simply provides that, "If the instrument be lost or destroyed, then that the holder give to him a bond, executed by himself and two sufficient sureties) to indemnify him against any lawful claim thereon."

The bond in question fully met the requirements of the statute. It was given by the holder of the note, with two sufficient sureties. The objection that the original payee gave no bond is without merit. The statute does not require the original payee to give a bond unless he be the holder at the time of payment.

No other errors are claimed, and the findings are in no respect challenged.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 14, 1909.