## SWAN F. HJELM v. CITY OF ST. CLOUD.[1]

### November 3, 1916.

### Nos. 20,011—(80).

**Contract to support for life of grantor — performance.**

1. A person not a pauper conveyed land to a city, upon the city's promise to furnish him support during his natural life and burial upon his death. The city fully performed.

**Same — mental capacity of grantor.**

2. The evidence sustains a finding that deceased had mental capacity to contract.

**Executed contract — cancelation of deed.**

3. It is not important whether the obligation assumed could have been enforced against the city so long as it remained executory. The city had power to acquire land such as this for municipal purposes. The contract having been fully executed on both sides, and the grantor having received his full consideration for the grant, neither he nor his heirs can recall the title to the land conveyed.

Action in the district court for Benton county to set aside a deed to certain property conveyed by plaintiff's father to defendant city. The case was tried before Parsons, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Harry S. Locke,* for appellant.

*R. B. Brower,* for respondent.

[1] Reported in 159 N. W. 833.

Note.—As to validity and effect of agreement for support in consideration of conveyance as basis for equitable lien, see notes in 13 L.R.A.(N.S.) 725; 28 L.R.A.(N.S.) 607.

HALLAM, J.

1. Swan Hjelm was for many years prior to September, 1912, the owner of a small home worth $700 in the city of St. Cloud. He never became a pauper in the ordinary sense of that term, but in 1912, by reason of advanced age and feeble health, he became in need of an attendant to take care of him and was without ready means to secure such service. He proposed to the city that he would deed to it the property above mentioned in consideration of the city agreeing to furnish to him food, care, medical attention and personal attendance during the balance of his life, and decent burial upon death. Plaintiff was his only son. The city asked that he properly care for his father, but he refused. Thereupon the city accepted the proposition of deceased, took a conveyance of his property, complied with all the terms of agreement during life, and upon his death, which occurred in March, 1913, gave his body a suitable burial. So far as here appears, deceased was at all times satisfied with the arrangement that he had made. Plaintiff, as sole heir of deceased, brings this action to set aside the deed.

2. Plaintiff claims that deceased was without mental capacity to make a deed. The court found that deceased was competent. The evidence on this point is conflicting, but there is proof amply sufficient to sustain the finding.

3. It is not claimed that the city had power to generally enter into contracts to furnish future support to persons not paupers, in consideration of the conveyance of property, or upon any other consideration. Nor is it important to determine whether the contract made with deceased, under the circumstances in which he was placed, imposed any obligation upon the city which could have been enforced as long as it remained executory. The question is whether, after this contract has been fully executed on both sides it can now be set aside and the property conveyed recovered back at the suit of the grantor's heir. We are convinced that no such relief can be given.

The statutes of the state give to cities generally the power to accept grants of real estate. G. S. 1913, § 1785. The home rule charter of this city confers upon it the power to purchase land for public or municipal purposes. Home Rule Charter, § 1. The city has the undoubted power to receive gifts of real property, at least if the same be suitable

for some public purpose, and if the acceptance thereof will have the effect to ease the city of its obligations or lighten the burdens of its citizens. 3 Dillon, Mun. Corp. (5th ed.) § 981; Jenkins v. Hanson, 101 Minn. 298, 112 N. W. 216; Inhabitants of Worcester v. Eaton, 13 Mass 371, 7 Am. Dec. 155; Executors of McDonough v. Murdock, 15 How. 367, 14 L. ed. 732; Fosdick v. Town of Hempstead, 125 N. Y. 581, 590, 26 N. E. 801, 11 L.R.A. 715; Beurhaus v. Cole, 94 Wis. 617, 69 N. W. 986. This property was well adapted to the public use of caring for the poor, and it has been devoted to that use. The city then had undoubted capacity to receive this grant, whether it was upon a consideration or without any consideration. There was, however, a consideration, and an executed consideration.

Suppose the city had no power to incur the obligation to furnish deceased future support, still after the support had been furnished it would have been lawful for deceased to reimburse the city for what he had received. Suppose the obligation could not have been enforced against the city, and that deceased might, as long as the obligation remained unperformed, have had the conveyance set aside, still it was lawful for deceased to put property into the hands of the city as a means of reimbursement for such support as the city might furnish. The purpose of giving the deed was a lawful purpose insofar as it looked to that end. If deceased could have avoided it before the support was furnished, he did not. After the support was furnished and the contract fully executed on both sides, it is too late. See O'Donnell v. Smith, 142 Mass. 505, 8 N. E. 350 (a similar case) and Inhabitants of Worcester v. Eaton, 13 Mass. 371, 7 Am. Dec. 155. A grantor of property to a municipal corporation cannot, after he has received the full consideration for the transfer, recover the property back on the ground that the acquisition of the property was unauthorized. Having parted with the property and received the benefit accruing to him from the transfer, the use of the property by the grantee is a matter of no concern to him. 3 Dillon, Mun. Corp. (5th ed.) § 990; 3 McQuillin, Mun. Corp. § 1124; Barnes v. Multnomah County, 145 Fed. 695; Chambers v. City of St. Louis, 29 Mo. 543, 576, 577; City of St. Louis v. Davidson, 102 Mo. 149, 14 S. W. 825, 22 Am. St. 764; Town of Beloit v. Heineman, 128 Wis. 398, 107 N. W, 334. Order affirmed.