COUNTY OF PRICE, Respondent, vs. NORTHWESTERN CAS-
UALTY & SURETY COMPANY, imp., Appellant.

*May 10—June 3, 1924.*

*Schools: Contract to erect normal school: Bond with penalty less
than prescribed by law: Validity as to surety.*

The fact that the penalty contained in a bond executed to a
county for the performance of a contract to build a school-
house was less than the penalty required by sec. 3327*a*, Stats.,
does not relieve the obligor from liability incurred and for
which he was paid.  p. 280.

APPEAL from an order of the circuit court for Price
county: G. N. RISJORD, Circuit Judge.  *Affirmed.*

Action on a bond for the performance of a contract to
build a normal school building for the agreed price of
$75,719.44.  The complaint alleges, *inter alia,* that by mis-
take the penalty was recited in the sum of $38,000 instead
of in the contract price or more as required by sec. 3327*a,*
Stats., a part of which reads, "no such contract shall here-
after be made or let unless the contractor shall give a good
and sufficient bond, the penalty of which shall not be less
than the contract price, conditioned," etc.  The complaint
asked for judgment in the sum of $38,000.  The defendant,
the *Northwestern Casualty & Surety Company,* entered a
general demurrer which was overruled, and it appealed.

For the appellant there was a brief by *McMahon, McMa-
hon & Hayes,* attorneys, and *Van Dyke, Shaw, Muskat &
Van Dyke,* of counsel, all of Milwaukee, and oral argument
by *Carl Muskat.*

For the respondent there was a brief by *C. E. Lovett,*
district attorney of Price county, and *W. K. Parkinson* of
Phillips, of counsel, and oral argument by *Mr. Parkinson.*

VINJE, C. J.  The claim of the appellant is that since the
penalty of the bond is less than the statutory requirement

it is void, and a number of cases are called to our attention
where the court has held invalid contracts not conforming
to statutory requirements. Such cases are usually those
where taxpayers are seeking to enjoin the unlawful or ir-
regular expenditure of public moneys, or where the mu-
nicipality is seeking to defend payment of public moneys
under unlawful or irregular contracts, and they do not apply
to the present situation.

The statute here in question was designed to protect the
public, not to defraud it, by requiring a bond in an adequate
penalty. If the penalty provided in a bond is less than the
statutory one, the obligor on the bond cannot invoke the
aid of the statute to shield him from the liability he has
incurred and for which he has been paid. A departure from
such statutory provisions in a bond does not contravene a
general public policy which requires it to be declared void
in every instance, as was the case in *Kilbourn City v. South-
ern Wis. P. Co.* 149 Wis. 168, 135 N. W. 499.

The principle of law applying to this case is so aptly
stated in the cases of *Madison v. American S. E. Co.* 118
Wis. 480, 511, 95 N. W. 1097, and *Beloit v. Heineman,* 128
Wis. 398, 401, 107 N. W. 334, that no further elaboration
of it is deemed necessary. In the first case it was said:

"Taxpayers whose money is about to be spent, or prop-
erty owners whose land is about to be charged, may challenge
the legality of municipal acts and contracts calling for such
expenditures on the ground that the proper legal steps have
not been taken; but persons who enter into a contract with
the city stand in a different position. Such a person cannot
even make the defense of *ultra vires* or total lack of power
on the part of the corporation to make the contract. *Security
Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 94 N. W. 74.
If the defense of *ultra vires* cannot be made, it is very
evident that the lesser claim of failure to execute a given
power in the statutory way must also be ineffective."

In the latter case the city rented a stone crusher to defend-

ant and he objected to the payment of rent on the ground that the city had no power to rent it. The court said:

"Whatever limitations may have existed on the power of the town or on the town board or its officers to confer upon an individual the right to use such machine, they are entirely immaterial to the defendant, who has actually enjoyed that privilege under an attempted contract. No limitation rested upon his ability or power to agree to pay for such use, and he, having received all the benefits of such a contract as if it were valid, cannot now question its validity in order to repudiate his agreement to pay a price for that which he has received. *Farmers' & M. Bank v. Detroit & M. R. Co.* 17 Wis. 372; *Bullen v. Milwaukee T. Co.* 109 Wis. 41, 44, 85 N. W. 115; *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 94 N. W. 74; *Madison v. American S. E. Co.* 118 Wis. 480, 95 N. W. 1097."

*By the Court.*—Order affirmed.