## McKeesport Borough, Appellant, *v.* Wood.

[Marked to be reported.]

*Streets—Cost of paving—Agreement between property owner and borough—Evidence.*

Property owners agreed with a borough to pay the cost of grading and paving a street in front of their respective lots to within two feet of the rail of the tracks of a street car company. After the ordinance authorizing the paving was passed the street car company laid an additional track, but the evidence was conflicting as to whether the additional track was laid before or after the paving was actually done. *Held*, that it was error for the court to give binding instructions that the borough could only recover for the paving done to within two feet of the rail of the tracks, as the street and track were when the improvement was made.

Argued Nov. 6, 1893. Appeal, No. 225, Oct. T., 1893, by plaintiff, McKeesport Borough, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1893, No. 221, on verdict for plaintiff for less than full amount of claim against defendant, W. Dewees Wood. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for cost of paving. Before EWING, P. J.

The work for which suit was brought was a repaving of Fifth avenue. Defendant, and other property holders, signed the following paper: "We hereby agree to pay the cost of so much of said grading, paving and curbing as fronts our respective lots and extends to within two feet of the rail of the tracks of the McKeesport Passenger Railway Company."

The paper containing this agreement was presented to councils, and on June 13, 1890, an ordinance was passed as requested; and on July 29, 1890, the borough made a contract for the work. The work was commenced in July or August of that year, and was finally completed and paid for by the borough before bringing this suit.

At the time the agreement was entered into, and for three or four years before that, the passenger railway company had a single track railway on the street.

On Sept. 4, 1890, after the contract between the defendant and other property owners had been made with the borough,

and after the contract had been let and the improvement commenced, councils granted the railway company the right to lay a double track on the street.

The evidence was conflicting as to whether the additional track was laid before or after the paving was actually done.

The court charged in part as follows:

" Now, the contention is, on the part of the city or the borough, that the property holders are bound to pay for the paving to within two feet of the track on each side of the tracks of the railway, as it stood at the time of the petition and ordinance; and the letter of the contract and ordinance seems to sustain that position. But there is an equity back of this that, we think, controls that meaning (and it must have a fair and reasonable interpretation), viz. : That the property holders having agreed to pay for the paving of that portion of the street that lay outside of the portion occupied by the street railway with its tracks, and another track having been put down before the paving was done at all at this part of the street, the city can only recover for the paving up to within two feet of the tracks as laid when the improvement was made.

" [There are reasons on both sides, but we think the better reason is on the side of the defendant in this case, and we instruct you that that is all which the city is entitled to recover. There is no dispute as to the amount that that will be. Mr. Taylor, the engineer, made the calculation, and it makes $823.22, instead of $1,386.41, with interest on it from May 29, 1891.]" [2]

Defendant's point was among others as follows:

" 3. Defendant is only liable under the contract for the cost of the pavement up to within two feet of the tracks as laid at the time of the completion of the improvement." Affirmed. [1]

Verdict and judgment for plaintiff. for $920.34.

*Errors assigned* were (1, 2) instructions, quoting them.

*W. B. Rodgers, R. C. Rankin* with him, for appellant.—The agreement is to be construed most strongly against defendant and in favor of plaintiff, wherever there is any doubt as to its meaning, for it is in defendant's own words: 1 Leake on Contracts, 232; Barney v. Newcomb, 9 Cush. 46; McConnell v. Murphy, L. R. 5 P. C. 219.

Defendant's liability is to be determined by the condition of things as they existed on the ground at the time the contract was entered into : Chitty on Contracts, 105 ; Union Pacific Ry. v. Clopper, 131 U. S. Appendix, 192.

*Edwin W. Smith, Knox & Reed* and *J. M. Cook* with him, for appellee.—In this case we must arrive at one of two conclusions, either that the words of the agreement " the rail of the tracks " had in contemplation the possibility of more than one track being on Fifth street when the improvement was completed, or that an undue advantage was taken of the property owners by the borough.

The word " tracks " is in the plural and means four rails. If appellant argues that the agreement was upon the basis of one track, then how can the conduct of the borough authorities be explained.  They demanded the double track and it was laid.  It cannot be reasonably argued that it is an advantage to the property owner that there should be two tracks, and the street narrowed for general traffic by the width of one track and the width between them.

The borough was primarily liable for the improvement.  The property owners are liable only upon the basis of their agreement, and they can only be held upon a strict compliance with its terms by the city.  Defendant does not claim to rescind the whole contract, though that might possibly be his position logically, but only that he be treated fairly by the borough.

OPINION BY MR. JUSTICE GREEN, March 5, 1894 :

The learned court below decided this case upon the proposition of fact that " Before any considerable portion of the street was paved, and therefore the portion in front of Mr. Wood's property was paved, the street car company, by the consent of councils, put down an additional track."  The court held, " That the property holders, having agreed to pay for the paving of that portion of the street that lay outside of the portion occupied by the street railway with its tracks, and another track having been put down before the paving was done at all at this part of the street, the city can only recover for the paving up to within two feet of the tracks as laid when the improvement was made."

It is apparent, from the foregoing, that the decision was based entirely upon the ground that the city never did put down the pavement, up to within two feet of the rail of the tracks of the railway company, as the street and track were when the agreement was made, and therefore they could not require the defendant to pay them as if they had done so. If the learned judge was correct in his assumption of the fact, his conclusion was certainly correct.

But the borough, appealing from the decision, alleges in the history of the case, "after the borough had entirely completed the improvement in front of defendant's property, the railway company, by virtue of its new ordinance, tore up the pavement and laid down two tracks in place of the former single track, replacing the pavement at its own expense." Of course, if this statement of the facts is correct, the borough is entitled to recover the full amount of its claim, because then it did in point of fact lay the whole of the pavement up to within two feet of the rail of the tracks of the railway company as the track was when the agreement was made, and was entitled under the contract to be paid the full price for so doing.

The learned counsel for the borough, appellant, argue the case upon this assumption of fact, and of course, if they are correct in their facts, their position is well taken. But the defendant asserts in the counter statement that, " Before the work was done in front of Mr. Wood's property the passenger railway company laid its second track," and the learned counsel for the defendant argue their case upon that assumption.

It is rather remarkable that there should be such a radical difference in the statement and assumption of the controlling fact of the case. Counsel on each side discuss the question from their own standpoint of fact, and therefore the question is what was the real state of the facts, and this is a subject which is not discussed at all by the counsel on either side. The writer has read all the testimony very closely and critically, and while he thinks that the jury would have been justified in finding that the pavement was not actually laid at the time the second track was laid, the evidence is quite uncertain and somewhat confusing on that subject. But the affidavit of defence contains such remarkable statements in reference to this matter that we do not feel at liberty to sustain the binding di-

rection given by the learned court below to the jury. It says " That after the street had been paved in front of the defendant's property, it was torn up and two tracks of the said passenger railway company were laid upon said street." The same is repeated further on in the affidavit, and the charge is made that the borough and the railway company were in collusion in tearing up the pavement after it had been laid, and in laying two tracks instead of one. In view of this statement in the affidavit, so inconsistent with the theory upon which the court charged the jury, and with the present contention of the defendant, we think it was error to instruct the jury that, " Another track having been put down before the paving was done at all at this part of the street, the city can only recover for the paving up to within two feet of the tracks as laid when the improvement was made."

Judgment reversed and new venire awarded.