CAMPBELL *v.* MORRISON.

[81 South. 120, Division B.]

1. HIGHWAYS. *Improvements. Cost. Contract with abutting property owners.*

   A written contract with a county by abutting property-owners to pay one-third of the cost of construction of a highway abutting their land is not void, as against public policy and as the promisors in such case have a peculiar and local interest in the improvement, their promise is not void for want of consideration and may be enforced against them.

2. SAME.

   Such promise to the county by the abutting property-owners may be assigned by the board of supervisors of the county to a road contractor and he may bring suit to enforce same in his own name as the real party in interest.

3. SAME.

   The fact that such written promise to the county by the abutting property-owners was not spread upon the minutes of the board of supervisors did not prevent it from being enforced by a road contractor to whom it had been assigned by the board.

APPEAL from the circuit court of LeFlore county.
HON. H. H. ELMORE, Judge.

Suit by W. A. Morrison against C. N. D. Campbell. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gardner, McBee & Gardner,* for appellant.

We shall take up the various objections separately and briefly discuss them and present our authorities to sustain them. First: Because the action of the board in making the alleged contract, if ever made, with the defendants, was absolutely *ultra vires,* and therefore not enforcible. We contend that this alleged contract and agreement was not a contract or agreement, at all, but merely at best an offer on the part of appellant and his co-signers to pay a certain part of the cost of the build-

ing of the said road, but which offer, so far as the minutes of the board of supervisors show, was never accepted by the board, but, even if it had been accepted by the board, it would not be enforcible because any such contract would be absolutely *ultra vires.* We call attention to 11 Cyc., pages 467-68, and 69 Cyc. Id., page 468, Vol. 11.

In addition to this authority of Cyc., we also find a number of Mississippi supreme court decisions that sustain this text. We shall first take the statute, the closing lines of section 3742 of Hemingway's Code or section 369 of the old Code which says: "And all contracts made in violation of any of the provisions of law shall be void."

This particular excerpt has been construed by our supreme court in a number of cases, to wit: *State* v. *Bice,* 71 Miss. 912, in which our supreme court says: "All contracts made by the board of supervisors in violation of any of the provisions of law shall be void."

Following this authority, we also find our supreme court holding: "A county is not liable for public work done under the authority of a single member of the board, for under this section (369) all contracts for such work must be made by the board and the board in open session, and be evidenced by entry on its minutes." *Gaston Bridge Co.* v. *Warran Co.,* 80 Miss. 214.

We also call attention to the case of *Bay St. Louis* v. *Hancock County,* 80 Miss. 364; *Jefferson County* v. *Grafton,* 74 Miss. 435, reported in 60 A. S. R., page 516; *Bridges & Hall* v. *Supervisors,* 58 Miss. 817; *Penley* v. *City of Auburn,* 21 L. R. A. 657; Page 930 of Am. & Eng. Enc. L.; *Edwards County* v. *Jennings,* (Tex. Civ. App. 1895), 33 S. W. 585. Second: Because the alleged contract was never spread upon the minutes as required by section 3734 of Hemingway's Code, or section 361 of the old Code. *North Drainage District* v. *Boliver County,* 111 Miss. 250, section 3742. Third: Because if the work

as contracted for by the board was a public work or a public necessity, then any agreement by defendant to pay for said public work is without consideration, and therefore, void. Fourth: Because if said work as contracted for was not a public necessity or work in which the public was interested, then the board of supervisors had no authority, or violated their duties in awarding said contract and of course any alleged agreement by them with defendants would be without consideration, and therefore void.

We do not care to discuss the other objections as we think they speak for themselves and do not require any citation of authority or argument to support them.

*Lomax & Tyson,* for appellee.

This, the case at bar, is simply a case where the citizens, who signed the contract sued upon, presented same to the board of supervisors, offering that, on account of the benefits accruing to them by the building of said road, said road being designated in said agreement or proposal, and binding themselves to pay one-third of the cost of the construction thereof, upon this proposal, the board of supervisors advertised, according to plans and specifications, and recited in their order, accepting the bid of appellee, that it was subject to the proposal made by Mr. Swift, et al. In other words, the board agreed to pay Mr. Morrison two-thirds of the cost thereof, with the understanding that he was to collect the other one-third from those parties who had signed this agreement.

Neither the appellant nor his co-promisors, ever objected to the agreement, but paid to Mr. Morrison considerable sums upon this agreement, thereby ratifying their agreement and accepting said work as being not only perfectly satisfactory to them, but as being the best piece of road in Leflore County.

Counsel for appellant, in his brief, makes much to do about *ultra vires,* and about the contract or agreement made by appellant, not being placed upon the minutes. This is not a suit against the county, but is a suit against those individuals, who recognized Mr. Morrison as the party who had obtained the contract from the county, and as being the man to whom they owed the money and whom they promised to pay, and who accepted the work and who paid various sums to him for said work. It was not necessary for this proposal to be placed upon the minutes.

Notwithstanding the court seemed to be satisfied that the contract in this case was duly made and executed, and was composed of the two component parts, first of the proposal of defendants which was presented to the board, and not entered upon the minutes; and second, the several orders of the board which were shown to have referred to the proposition of defendants and accepted same.

Nevertheless we call the attention of the court to the leading case in Mississippi, which has never been overruled or modified, since its rendition, and which establishes beyond question, the rule in Mississippi, to be, that a proposal to do certain work for a county need not be spread upon the minutes but becomes a binding and enforceable contract, when referred to in an order of the board of supervisors, and such proposal becomes a part of the contract "by the same rule of law, which made the plans and specifications of the bridge company a party of this contract. If any other rule applied, the contractor could not be held at all, to any compliance with the plans or specifications, for the reason that from their very nature, they could not conveniently be entered on the minutes, but they are invariably and rightly considered an integral part of a contract awarded thereon."

"The proposal of the contractor stated with certainty, and full detail the extra work, which, in his judgment was necessary to the construction of the bridge, and stated with clearness, the price to be charged. This proposal, with the accompanying plans and specifications, was, by order of the board of supervisors, duly entered upon its minutes, adopted, and the paper filed with the other plans and specifications of the bridge. This was on the part of the board, an acceptance of the proposal of the contractor, and bound the contractors to pay for the extra work upon the bridge at the figures named therein." *Marion County* v. *Foeworth,* 83 Miss. 677.

As to the fourth, fifth and sixth objections, this party and his associates agreed to pay this money on account of the benefits to accrue to them, and they are bound by it, notwithstanding it is a public improvement. To sustain the above, we submit the following authorities: "A promise to pay a public corporation or its agent, a premium for doing their duty is illegal and void; and a contract will not be sustained which tends to restrain or control the unbiased judgment of public officers. But a promise by individuals to pay a portion of the expenses of public improvements does not necessarily fall within this principle, and such a promise is not void for want of consideration, and may be enforced against them." 2 Dillon on Municipal Corporations, sec. 792, page 1183; *City of Springfield* v. *Harris,* 107 Mass. 532; *McKeesport* v. *Wood,* 160 Pa. 113 (A. D. 1894.); *Burton* v. *Loring,* 36 S. W. 298 (A. D. 1896, Texas); *Gerald* v. *City of Seattle,* 132 Pac. 227.

The point raised by opposing counsel, that the board of supervisors had no authority to make the contract, and that consequently the contract was void and not binding on defendant is in reality a defense of *ultra vires,* and in order to have been availed of by them should have been specially pleaded, and even had the contract been an *ultra vires* act of the board, the suit

upon same could be successfully maintained under many decisions denying the privilege of an *ultra vires* defense. "The doctrine of *ultra vires* when invoked for or against a corporation, should not be allowed where it would defeat the ends of justice, or work a legal wrong."

The foregoing quotation from United States supreme court in the case of *Ohio and Mississippi Railroad Company* v. *John McCarty*, 24 L. Ed. 693-696, has received cordial approval and been applied in the following cases: 71 Miss. 858; *National Surety Co.* v. *Hall Miller*, 61 So. 700; 2 Page on Contracts, sec. 1093, page 1709.

So, even if contract of the board with defendant was void because *ultra vires* (which it undoubtedly was not) yet, nevertheless, defendants could not avail themselves of *ultra vires* in this suit, even had same been properly pleaded by special plea, or by notice under the general issue.

We have carefully examined appellant's authorities cited in his brief, and while it is all sound, good law, we submit to the court, that they do not touch the case at bar, at any point.

STEVENS, J., delivered the opinion of the court.

This controversy grows out of an agreement entered into between appellant, Campbell, and four other citizens with the county of Leflore, whereby appellant and his associates agreed to pay one-third of the cost of the construction of one mile of improved road or highway constituting a link in what is referred to as the Humphreys Highway in the said county of Leflore. The agreement reads thus:

"Articles of agreement between the county of Leflore, party of the first part, and the undersigned citizens of beat No. 5 of said county, interested in the public road hereafter described, witness, that said party of the first part has agreed to have constructed one mile of public

road under the plans and specifications on file with the chancery clerk of said county, for what is known as the Humphreys Highway in said county; and that the said mile has been designated as fills on the Huffstickle road not exceeding one mile in length. The undersigned therefore undertake, agree, and by these presents bind themselves, for the benefits accruing to them by the building of said road, to pay upon the completion of the same one-third of the costs of the construction of the same, which one-third is hereby estimated at two thousand dollars and the undersigned W. A. Swift for his proportion of the same hereby tenders his certified check for the sum of five hundred dollars, said check to be held together with the contract and to be presented when said road is completed, the payment of which said check will release the said Swift from any further liability on the contract, except that which the same lacks of being one-fourth the obligation. Witness our signatures this the 3d day of August, 1914. [Signed] W. A. Swift, C. N. D. Campbell, W. B. Posey, C. M. Linch, Lyon Bros. Company.''

Prior to the execution of this agreement the board of supervisors by an order duly spread upon the minutes agreed to improve or reconstruct one mile of road in each supervisor's district of Leflore county, according to certain plans and specifications agreed upon for the laying out and building of the Humphreys Highway, upon condition that one-third of the cost of such improvement should be borne by persons making petition for same, the county paying the other two-thirds of the cost. At the July term, 1914, the board entered an order directing the improvement of one mile of road in beat 5, described the road to be made, and directed the clerk to publish notice for bids, and stipulating further that ''the contract be let on the first Monday in August, 1914, upon the persons interested in said road entering into a sufficient contract to pay for one-third of the same under the regulations of this board.''

The clerk gave notice in which it was stated that said road would be improved under "the plans and specifications of the Humphreys Highway now on file in the office of the chancery clerk of said county." At the August meeting the contract executed by Campbell and his associates was presented to the board and the original deposited with the chancery clerk, but the same was not marked "filed" by the clerk. The plans and specifications appear to have been filed with the chancery clerk. At the August meeting the bid of appellee, Morrison, was accepted, and the contract awarded to the appellee, and, according to the order of the board, "same being conditioned on the proposal of W. A. Swift et al. to pay one-third the costs of same." It is in evidence that Morrison entered into a contract with the county with the understanding that appellant and his associates had agreed by writing to pay one-third of the cost of the construction, and relied upon this understanding. The county paid two-thirds of the cost, and certain of the property owners paid their *pro rata* share, but appellant declined to pay anything, and repudiated the contract. The county was satisfied with the work as completed, and, according to Morrison's testimony, each one of the citizens interested appeared before the board "and asked them to accept it, and said they thought it was the best mile of road built in Leflore county."

The case was submitted to the trial judge on motion of both sides for a peremptory instruction, and, upon due consideration, the learned circuit judge directed a finding for the plaintiff, and judgment accordingly was rendered for the total sum of nine hundred and fifty-nine dollars and ninety-six cents against all of the defendants who signed the written contract, except W. A. Swift, who voluntarily paid in advance by certified check, and who was not embraced as a party defendant.

Appellant, Campbell, prosecutes this appeal, contending that the action of the board in entering into a written

contract with him was *ultra vires,* and therefore not an enforceable contract; that the written contract itself was not spread upon the minutes of the board; that the road as constructed was not accepted by the board; that the work contracted for was for public work, and is without consideration, and for that reason void; and that the assignment of this written contract by the county to appellee was illegal, without authority of law, and appellee can maintain no action thereon.

The board did assign the written contract to appellee as the contractor primarily interested in collecting the balance due, and the contractor prosecutes this suit in his own name and for his own benefit.

It is unnecessary to discuss separately the points raised on this appeal. The contentions may properly be grouped under the one general contention that as between appellee, plaintiff in the court below, and the defendant there was no lawful, binding contract. But for the plaintiff there is no "lion in the path" toward recovery. We do not appreciate the force of the argument that the contract was unlawful. On the contrary:

"A promise to pay a public corporation, or its agents, a premium for doing their duty is illegal and void; and a contract will not be sustained which tends to restrain or control the unbiased judgment of public officers. But a promise by individuals to pay a portion of the expenses of public improvements does not necessarily fall within this principle, and such a promise is not void as being against public policy; and if the promisors have a peculiar and local interest in the improvements, their promise is not void for want of consideration, and may be enforced against them." 2 Dillon on Municipal Corporations (5 Ed.), section 792, p 1183.

The abutting property owners were interested in the construction of an improved highway along or through their property. Their interest in such work and improvements was most natural. The general proposition of the board of supervisors to pave the road along

appellant's property, on the conditions named, might naturally challenge his interest and appeal to his business judgment. Appellant has a peculiar interest; the contruction of an improved highway would naturally add value to his land. The law recognizes the right of the legislature to direct or authorize local improvements at the partial or total expense of abutting property owners. But the county, having jurisdiction of roads, very naturally should award the contract and supervise the construction. In this case the board agreed to have the road improved upon the express condition that the property owners pay one-third of the cost, and this the property owners had agreed to in writing. This agreement certainly is not without consideration. The agreement was signed and delivered to the clerk of the board of supervisors and treated as a delivered contract. The board accepted the understanding and reiterated the condition in the very notice calling for bids. In other words, the board stipulated the same condition in its contract with appellee, Morrison, for the building of the road. Morrison accepted the understanding and did the work on the faith thereof. The agreement was in the interest of the road contractor, and we see nothing unlawful on the part of the board assigning the agreement to the contractor, or, in the contractor bringing this suit in his own name. He is the real party in interest. The agreement of the property owners was to pay one-third of the actual cost, and in the very nature of the case the property owners knew that this money would ultimately go to the contractor. This is not a suit against the county, and any contention that the agreement is unenforceable because not spread upon the minutes is without merit.

It was held in *Marion County* v. *Foxworth*, 83 Miss. 677, 36 So. 36, that a proposal to do certain work for a county need not be spread upon the minutes, but becomes a binding and enforceable contract when referred to in the order of the board.

The law, of course, did require that the contract to build the road should be spread upon the minutes, and this was properly done. There is here no controversy between the county and the contractor. This is a suit upon the individual undertaking of the property owners, a perfectly lawful and binding contract. The liability of abutting owners under agreements of this character has been sustained in the following cases, cited in counsel's brief: *City of Springfield* v. *Harris,* 107 Mass. 532; *McKeesport* v. *Wood,* 160 Pa. 113, 28 Atl. 574; *Burton* v. *Laing* (Tex. Civ. App.), 36 S. W. 298; *Gerard* v. *City of Seattle,* 73 Wash. 519, 132 Pac. 227.

On all points raised the judgment appealed from should be affirmed.

*Affirmed.*