## TOWNSHIP OF NORTH STAR *v.* COWDRY.

1. MUNICIPAL CORPORATIONS—TOWNSHIP PROCEEDINGS—RECORD—PAROL EVIDENCE—ADMISSIBILITY.

    Though parol evidence is not admissible to contradict the record of the proceedings of a township board, it is admissible to show facts omitted from such record.

2. SAME—SUPPLEMENTING RECORD BY PAROL EVIDENCE.

    In an action by a township board to recover the balance of a subscription made by defendant for the improvement of a certain highway in the township, parol evidence was admissible to show that the petition for the grading, graveling, and tiling of said highway was voted on and accepted by the board, the record failing to show such affirmative action.

3. SAME—ACTION BY TOWNSHIP BOARD—STATUTES.

    In view of 1 Comp. Laws 1915, § 2053, providing that all suits or proceedings by or against a township in its corporate capacity shall be in the name of such township, said action was properly brought in the name of the township board, although the provision in the petition was to pay the money over to the township highway commissioner.

4. SAME—HIGHWAYS AND STREETS—IMPROVEMENT AT EXPENSE OF PERSONS INTERESTED.

    In view of 1 Comp. Laws 1915, § 4335, authorizing the improvement of highways at the expense of the persons interested, *held*, competent for the township board to receive money upon subscriptions for such purpose.

5. SAME—DEFENSES—PUBLIC POLICY.

    That the township board improperly expended some of the township's money in connection with that subscribed by defendant and others, in the improvement of said highway, would furnish no defense to this action, there being no question of public policy involved that can be invoked by defendant under the circumstances of this case.

6. SAME—DEFENSES—ESTOPPEL.

    Where defendant not only petitioned for said improvement,

but stood by and saw it completed before raising any objection, he is estopped to question the validity of the proceedings when called upon to pay the balance of his subscription.

Error to Gratiot; Moinet (Edward J.), J. Submitted September 18, 1920. (Docket No. 93.) Decided September 30, 1920.

Assumpsit by the township of North Star against Douglas Cowdry for the amount of a subscription for the improvement of a highway. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Searl & Searl* and *O. G. Tuttle,* for appellant.

*John T. Mathews* (*O. L. Smith,* of counsel), for appellee.

STONE, J. This case originated in justice's court in the county of Gratiot, and was appealed to the circuit court of that county, where the plaintiff recovered a judgment of $80 damages upon a directed verdict. The action was in assumpsit to recover the balance of a subscription made by the defendant for the improvement of a certain public highway in the township of North Star in said county. The defendant has brought the case here upon writ of error. The declaration counted upon two subscriptions of defendant, one of $100 and one of $80. It was undisputed that the $100 subscription was paid before suit. The plea was the general issue with notices:

1. That defendant would show that the alleged contract, promise, or agreement upon which plaintiff seeks to recover was not within the scope of the powers of said plaintiff to make.

2. That defendant would show that the alleged contract was for the mere performance of its statutory

duty and obligation, and was without consideration to said defendant.

3. Set-off.

As defendant offered no evidence upon the trial the details of the claim of set-off are not deemed material.

Section 4335, 1 Comp. Laws 1915, reads as follows:

"Whenever any person or persons interested in any highway, wish to improve the same by grading, graveling, macadamizing or paving they may do so at their own expense, and in such manner as may be approved by the highway commissioner; and when sufficient means shall be provided by such party or parties to make the improvement desired, the highway commissioner shall furnish a grade for such highway and direct the manner in which it shall be graded, and his *per diem* while so employed shall be paid by the township as though the township were making the improvement. The highway commissioner shall, if requested to do so by the party or parties making the improvement, supervise and direct the graveling, macadamizing or paving; and his *per diem* while so employed shall be paid by the township as though the township were making the improvement: *Provided,* That no highway commissioner or any other town officer shall be awarded any contract for any labor to be performed under the provisions of this act, and any such contract, so awarded, shall be void."

See, also, section 4641.

On April 7, 1917, the defendant and nine other freeholders and taxpayers of said township signed a petition to the township board requesting the board to direct the highway commissioner of the township to drain, grade and gravel the highway beginning at a point one mile north of the center of the township, and extending east 1¾ miles.

The petition called for 4-inch tile along the highway in order to properly drain it. In consideration of which improvement the signers each agreed to pay the treasurer of the township the sum set opposite

each name, the amount of defendant's subscription being $100, and the aggregate of subscriptions being $494.

On May 23, 1917, defendant and 9 other freeholders and taxpayers of said township signed another written petition praying that the township board direct the highway commissioner to grade, gravel and properly drain the highway between sections 11 and 14, "intending hereby to continue the improvement heretofore requested east an additional 80 rods," and upon this petition defendant subscribed $80, the language used being:

"And we, in consideration of such improvement, do hereby promise to pay to the highway commissioner of said township the amounts placed opposite our respective names, on or before said improvements are completed."

This last petition was not signed by any of those who signed the first petition, except the defendant. The subscriptions upon this last petition aggregated $230.

These petitions were finally pinned together and in that condition were presented to the township board at a meeting thereof held on June 29, 1917. The record of such meeting was as follows:

"Proceedings of the Town Board Meetings.
"Board meeting held on the 29th day of June, A. D. 1917.
"Meeting held in the town hall in township of North Star on above date. Members present, Thomas Hamilton, chairman; S. G. Losey, clerk; D. S. Biddinger and S. S. Munson, justices of the peace. Ernest Webster, highway com.
"Moved and supported we except petition of J. H. Probst for a mile between sections 2 and 3 and 10 and 11 to be tiled and graveled. Motion carried.
"Petition of J. L. Mouser for 2 miles between sections 10 and 15 and 11 and 14 to be tiled and graveled. Motion carried.

"E. P. Sprague petition for one mile to be graveled between section 31, North Star and section 6, Washington.   Motion carried.

"Arthur Stine petition for 1 mile to be graveled between sections 34 and 35.   Moved petition be allowed.   Motion carried.

"Petition U. S. Barnaby for 2 miles of gravel between sections 28 and 29 and 29 and 32.   Moved petition be allowed.   Motion carried.

"R. L. Easterly petition for 1 mile.   Moved petition be allowed between sections 4 and 9, to be tiled and graveled.   Motion carried.

"Henry Jones' petition.   Moved and supported petition be excepted to be graveled between sections 31 and 32.   Motion carried.

"Moved and supported this board instruct the highway commissioner to build these roads as specified in the several petitions.

"Moved we adjourn.   Motion carried."

The above proceedings were signed by all members of the board, and is the only record appearing on the books of the township of any proceeding, or any action had or taken, in regard to the matter at issue in this case, and the road in question.

After the meeting of the township board in June, 1917, the highway commissioner procured a surveyor, and surveyed the road and had a profile made, and bought the tile and went to work on the highway. Such profile was made by the county surveyor. The highway commissioner took three blue prints of the profile to the township board at its meeting and laid them on the table, receiving one copy back, and then tiled, graveled and graded the road, including the 80 rods in question in this case. So far as the record shows no other action was taken by the township board in regard to the improvement in question. The highway commissioner went on and built it as an officer, and expended therein some of the township funds that had been raised for road purposes generally in building the road, giving orders to the extent of more

than $100 upon the township funds. All the funds subscribed, except the $80 here sued for, were handed over to the clerk, except that some subscriptions were paid in work, and in such cases they were receipted for and applied upon the subscriptions. The building of this road cost more than $1,000. The defendant paid the $100 which he signed for on the first petition, and this· suit was brought to collect the $80 subscription on the second petition.

The only action of the township board in any way touching the collection of these highway donations is shown by Exhibit E, which purports to be the pro-ceedings of the township board at a meeting held on the 20th day of March, 1918, in which proceedings appears the following:

"Motion made and supported that S. S. Munson be appointed to collect unpaid collections on highway donations. Motion carried."

Upon the trial the offer in evidence of the proceed-ings of the township board was objected to by the defendant for the reason that the record did not show that any affirmative action had been taken, which ob-jection was overruled and the record was read in evi-dence. The court, over the objection of defendant, then permitted witnesses—members of the board who were present—to testify in substance as follows:

"The motion was made and supported that we accept the petition of J. L. Mouser to gravel and grade the road described in the petition—gravel, grade and tile."

Another member of the board testified as follows:

"The motion was made to accept these petitions, or accept the donations on these petitions toward gravel-ing this portion of the road mentioned in this petition, two miles of road."

Again the witness said:

"One of the board made a motion that we accept the petition and gravel, tile and grade that road, and we voted on it."

This testimony was received against the objection of defendant, and numerous motions were made to strike the same from the record.

At the close of the plaintiff's case, defendant's counsel made a motion for a directed verdict in his behalf and for numerous reasons which are embraced in the assignments of error and are argued by counsel. The motion was overruled, and, the defendant announcing that he would not submit any testimony in view of the ruling of the court, a verdict for the plaintiff was directed.

There are numerous assignments of error, but they are grouped together by counsel and the following questions are discussed. It is the contention of counsel for defendant that the court erred:

"(1) In permitting witnesses to testify and give parol evidence of what motions were made and proceedings had and taken, at the meetings of the township board other than that which appears in the township clerk's records of these board meetings.

"(2) In holding and deciding that the township of North Star, as a township, could bring suit and collect money on the subscription paper, when the subscription did not run to the township of North Star, and no promise had been made therein to pay to the township.

"(3) In holding and deciding that it was within the power of the township to receive money upon subscriptions like the one in question, and to mingle that money with township highway funds and build roads out of the highway funds, and then recover upon the subscriptions.

"(4) In holding that such proceedings had been taken by the township board, the highway commissioner, or either or both, or any of the authorities of the township, as would legally permit the highway commissioner to build the road in question, and in holding that such proceedings had been taken as

would authorize the collection of the subscription, and the bringing of the suit in question, and particularly in denying our request to direct a verdict on the ground that it is contrary to public policy to permit private individuals by subscription to influence the action of the board and the highway commissioner to expend the money which had been raised by taxation generally, for the building of roads, upon a particular road which is petitioned for and partly paid for by the subscribers.

"(5) And, particularly, in holding and deciding against our contention shown all through the record by objections and motions to strike out testimony, and motion to direct verdict, that no such steps and proceedings had been taken as is authorized and required by statute to grade and gravel a road partly by subscription.

"(6) And generally in overruling our objections to the introduction of evidence, and our motions to strike out evidence, and particularly our motion and the several grounds thereof, made at the close of the case to direct a verdict against the plaintiff and in favor of the defendant of no cause of action, and in charging the jury that the plaintiff is entitled to recover the sum of $80 against the defendant, and in entering judgment for that amount against him."

1. It is first urged by counsel for defendant under a proper assignment of error, that it is well settled that the proceedings of the township board cannot rest in parol, and that, except in a direct action to correct the record, the action of the township boards, and other official boards, can be proven only by the record kept by the proper official. Many cases are cited by counsel claimed to be in support of this proposition, beginning with *Clark* v. *Holmes*, 1 Doug. 390, including *Stevenson* v. *Bay City*, 26 Mich. 44; *Larned* v. *Briscoe*, 62 Mich. 393; *Labadie* v. *Village of Ford*, 185 Mich. 402.

While there is language used in some of these decisions which would tend to show that a record cannot be supplemented by parol evidence, an examination

of the cases will show that the attempt was made to vary and contradict the record. We recognize the rule to be that the record cannot be contradicted, or impeached by parol testimony. We think the correct rule is well stated in *Township of Taymouth* v. *Koehler*, 35 Mich., at p. 22, the headnote of which reads as follows:

"Though parol evidence is not admissible to contradict a record, it may be introduced to show facts omitted to be stated of record; and the rights of creditors or third persons cannot be prejudiced by the neglect of the clerk to perform his duty in properly recording actual proceedings."

It is frequently competent to show by parol matters in aid of the record where the same is ambiguous, or where entries have been omitted. *School District* v. *Clark,* 90 Mich. 435.

In *Wheat* v. *Van Tine,* 149 Mich. 314, at p. 317, Justice GRANT, speaking for this court, said:

"Parol evidence is not admissible to contradict the record of the proceedings of the common council. It is admissible, however, to show facts omitted therefrom. The failure of a clerk to properly enter such proceedings cannot affect the rights of individuals who have acted upon the faith of the action of the council, in fact duly taken, but not recorded." Citing cases.

We invite attention to the closing portion of that opinion, where it is claimed that parol evidence did not contradict the record, but only explained it. We call especial attention to the fact that the following entry appears in the proceedings of the township board above quoted:

"Moved and supported this board instruct the highway commissioner to build these roads as specified in the several petitions."

We are of opinion that there was no error in the action of the court in receiving the parol testimony and the record of the township board.

2. It is next urged that the court erred in holding and deciding that the township of North Star, as a township, could bring suit to collect money on the subscription paper, it being claimed that the subscription did not run to the township of North Star. It is unnecessary to quote sections of the statute as to the duty of the township with reference to highways under the township system. There are certain limitations upon the power of the commissioner to expend money without action of the township board. An examination of these statutes will disclose that the township is represented as to highways by the highway commissioner and the township board, acting for the township. We think the view of counsel too narrow a one, and that the promise was made really to the township. The provision was to pay the money over to the highway commissioner, as an officer. Manifestly, this suit must be brought in the name of the township under the statute. By section 2053, 1 Comp. Laws 1915, it is provided that all suits or proceedings by or against the township, in its corporate capacity, shall be in the name of such township. As was said in *Township of Bangor* v. *Transportation Co.*, 112 Mich. 601:

"We have, therefore, a valid debt due the township, and the proper officer authorizing the suit."

3, 4. The third and fourth points urged by the defendant may be considered together. There is no claim that section 4335, above quoted, is unconstitutional. We think it was competent for the township to receive money upon the subscriptions appearing in this case. The defendant ought not to escape payment of his subscription where it appears, as it does here, that the money was expended by the township in good faith for the improvement of the highway in question, and where all other subscribers have paid their subscriptions. In our opinion it does not lie

within the mouth of the defendant to question the power of the township to expend this money in connection with certain money of the township. Were it to be conceded that the township improperly expended some of the township's money in connection with that subscribed by the defendant and others, we think that would be no reason why this defendant should not pay his subscription. We cannot agree with counsel that there is any question of public policy here involved—at least any question of public policy that can be invoked by this defendant under the circumstances of the case. We have examined the cases cited upon this question and do not think them applicable.

One who has received benefit under a contract with a town cannot escape payment therefor upon the ground that it is *ultra vires*. *Beloit* v. *Heineman*, 128 Wis. 398 (107 N. W. 334). In that case the defendant had rented from the town of Beloit a stone crusher belonging to the town. He was sued for the rental and sought to raise many of the questions that are raised by counsel in this case. In that case the court said:

"The cause of action presented was on contract to recover that which the defendant had promised to pay for the use of the town's property. It was entirely a common-law cause of action, upon which the town, under its general corporate powers to sue and be sued, could maintain action, except for some statutory limitation. If it be true, as argued, that a vote of the electors was a necessary preliminary to the bringing of a suit, an objection on that ground went wholly in abatement. It did not deny the indebtedness of the defendant to the town nor the existence of the cause of action, but raised an obstacle which, until removed, postponed the right to commence the suit. This is distinctively matter in abatement, and, unless expressly pleaded, is waived." Citing cases. (See the pleadings in the instant case.)

"The further objection, which was not passed on

212—Mich.—2.

by the trial court, that there was neither allegation nor record proof of formal resolution by the town board to institute the action, is exactly of the same character and ruled by the same consideration.

"Another contention, not reached by the trial court, is that a contract to lease to defendant the stone crusher was beyond the corporate power of the town, and that, even if within such power, it was not within the powers delegated by law to the town board or any member or members thereof. Whatever limitations may have existed on the power of the town or on the town board or its officers to confer upon the individual the right to use such machine, they are entirely immaterial to the defendant who has actually enjoyed that privilege under an attempted contract. No limitation rested on his ability or power to agree to pay for such use, and he, having received all the benefits of such a contract as if it were valid, cannot now question its validity in order to repudiate his agreement to pay a price for that which he has received." Citing cases.

It is a significant fact that the defendant not only petitioned to have this work performed and improvement made, but he stood by and saw it completed before raising any objection, so far as appears by this record. Were this a proceeding in equity by him to restrain the payment of a tax or assessment, he would be held equitably estopped. In the law case of *Smith* v. *Carlow*, 114 Mich. 67, this court said, speaking through Justice GRANT:

"We think this case comes clearly within many other decisions of this court which hold that when parties stand by and see such improvements made, and take no steps to impeach their validity, they are estopped to question their validity when called upon to pay for them."

See, also, *Kiowiatkowski* v. *Dredging Co.*, 201 Mich. 251, 257. We quote from those cases because they are both law cases. There are scores of cases in our re-

ports denying equitable relief under such circumstances.

What we have said meets, in our opinion, the propositions urged by counsel in their fifth and sixth points. We have read this record and briefs of counsel with great care, and although we have not specifically referred to every point urged by counsel, we have examined every point argued and find no reversible error in the record. In our opinion the verdict and judgment are in accordance with the law and the facts disclosed upon the trial.

The judgment of the court below is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.