No. 26,611.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
NEOSHO, *Appellee,* v. D. W. BURDICK, *Appellant.*

### SYLLABUS. BY THE COURT.

1. HIGHWAYS—*Improvement by County — Extent of Improvement Required.*
While a county is required to improve a county road, it is not required to
surface it with gravel.

2. SUBSCRIPTION—*Contracts Ultra Vires—Aid in Construction of Highway.* One
who petitions a board of county commissioners to improve a county road
by his land by surfacing the same with gravel, and agrees to pay a definite
sum to aid in paying the cost of such improvement, cannot, after the im-
provement is made, be relieved from paying his subscription, on the ground
that the agreement was *ultra vires* on the part of the county.

3. SAME—*Public Improvements—Validity of Contract.* Subscriptions to public,
or quasi-public corporations, to enable them to construct or maintain public
improvements, are ordinarily upheld as being for public purposes, unless
prohibited by statute or in contravention of public policy.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed
April 10, 1926. Affirmed.

*T. R. Evans,* of Chanute, for the appellant.

*R. B. Smith,* county attorney, and *T. F. Morrison,* of Chanute, for the ap-
pellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for a subscription. It was tried to
the court, who made findings of fact and conclusions of law and
rendered judgment for plaintiff. The defendant has appealed.

Defendant and about thirty-five others, living or owning land
along a county road, petitioned the board of county commissioners
to construct a gravel road of certain general specifications on a
designated portion (seven and one-fourth miles long) of such road,
by their lands, and each agreed to contribute for the construction
of such road the amount set opposite his name, the payment to be
made when the work on the road commenced. Defendant signed
this petition and agreed to pay $160. The board of county com-
missioners graveled the road over the route petitioned for, and other-
wise improved it as well or better than the general specifications

Highways, 29 C. J. p. 586 n. 18. Subscriptions, 37 Cyc. pp. 486 n. 33, 494
n. 68, 70.

Neosho County Comm'rs v. Burdick.

mentioned. The defendant refused to pay his subscription, hence this action.

Appellant argues that the road being a county road, it was the duty of the board of county commissioners under the statute (R. S. 68-501 *et seq.*) to improve the road and to pay the cost of such improvement as was made by a tax levy (R. S. 68-519); hence, if defendant promised to pay something which the county was already obligated to do or pay, there was no consideration for the promise. This contention lacks merit. A similar contention was made in *School District v. Sheidley,* 138 Mo. 672. There a subscription was made to the school district of Kansas City if it would build a library. In an action to recover the subscription after the library was built defendant contended it was the duty of the school district under the statute to build the library, hence there was no consideration for the subscription. The court held that while the school district was authorized by law to build a library, it was not required to do so, and denied the contention. So here, the county was required to improve the road, since it was a county road, and was authorized, but was not required, to surface it with gravel. If defendant and others desired the county road by their lands to be surfaced with gravel, rather than otherwise improved, there is no statute preventing their making a subscription to help pay the cost of such improvement.

It is next argued that R. S. 68-708 specifically authorizing the county to accept subscriptions or donations applies to benefit district roads only, and not to county roads, and that there is no statute authorizing the county to accept subscriptions for the improvement of a county road. Without stopping to determine whether this is too narrow a construction of the statute, as contended by appellee, it does not constitute a defense in this case, for two reasons: First, the defendant is in no position to raise the question of *ultra vires* of the county. (*Beloit v. Heineman,* 128 Wis. 398; *Township of North Star v. Cowdry,* 212 Mich. 7.) Second, subscription to public, or quasi-public corporations, to enable them to construct or maintain public improvements, are usually upheld without a statute specifically authorizing such corporations to make such agreements. In 37 Cyc. 494 the rule is thus stated:

"The legality of subscriptions made to public officers or to public corporations in aid of public works has occasionally been contested upon the ground

of lack of authority in the beneficiary to accept and use the subscriptions, but the legality of such subscriptions has been upheld."

See cases there cited. Also, *Township of North Star v. Cowdry*, supra, and *Eastern States, etc., League v. Est. of Vail*, 97 Vt. 495. Unless such subscriptions are prohibited by statute, or are in contravention of public policy, there is no reason why they should not be enforced.

The judgment of the court below is affirmed.