TOWNSHIP OF GROSSE ILE *v.* NEW YORK INDEMNITY CO.

1. TAXATION—MUNICIPAL CORPORATIONS—PERSONAL LIABILITY FOR IMPROVEMENTS.

In absence of special contract, there is no personal liability on part of property owner for special assessments for improvements.

2. SAME—CONTRACTS—PUBLIC POLICY.

Agreement by property owner, wishing to have his property benefited by local improvements, to pay assessment therefor, violated no principle of public policy, is enforceable, and law will not permit owner to repudiate liability after work is completed and benefits conferred.

On personal liability of property owner to pay assessments for local improvements, see annotations in 35 L. R. A. 58; 18 L. R. A. (N. S.) 1259; 29 L. R. A. (N. S.) 770.

3. Same—Consideration.
    Special benefit to be conferred on property owner by improvements was sufficient consideration for his agreement to pay assessment therefor.

4. Same—Bonds—Election of Remedy—Estoppel.
    Where property owner agreed to pay assessments to be levied for improvements on his property, and gave bond conditioned upon compliance therewith, reassessing said tax with penalty did not work estoppel by election of statutory remedy, barring action on bond, since bond required demand to be fixed by assessment.

Appeal from Wayne; Gillespie (Glenn C.), J., presiding. Submitted. October 28, 1932. (Docket No. 145, Calendar No. 36,645.) Decided December 6, 1932.

Assumpsit by Township of Grosse Ile, a municipal corporation, against New York Indemnity Company, a New York corporation, on a public construction surety bond. Judgment for plaintiff. Defendant appeals. `Affirmed.

*Charles F. Delbridge* and *W. Leo Cahalan* (*Francis W. McCauley,* of counsel), for plaintiff.

*Austin & Newman,* for defendant.

Wiest, J. Bruce H. Wark owned platted property in the township of Grosse Ile, Wayne county, and desired water mains, fire hydrants, and other necessary appurtenances and connections to provide water for fire protection and domestic uses, to be constructed by the township under the authority of 1 Comp. Laws 1929, § 2385 *et seq.* The township board had, by resolution, determined that petitioners for such improvements should give bond to the township securing payment of the expenses.

Mr. Wark, as principal, and the defendant company, as surety, complied with the resolution and executed a bond on the 26th day of October, 1929, reciting that:

"This bond is required by said township board before the levying of said special assessment and the awarding of a contract for the construction of said public improvement."

The bond contained the following condition:

"Now, therefore, the condition of this obligation is such that if the above bounden, Bruce H. Wark, shall and will pay, when due and payable without penalty, the several instalments of said special assessments which shall be levied by said township board on the above-described lands to defray the costs of said public improvement, then this obligation shall be void, otherwise to remain in full force and effect."

The improvements were installed, and the assessment therefor was divided into five annual payments. The condition of the mentioned bond was not complied with, and this suit was brought by the township against the surety upon the bond to recover an instalment of the special assessment, and plaintiff had judgment.

A few days previous to bringing this suit the tax was reassessed with penalty. Upon review the surety on the bond contends that the bond is void, because beyond the power of the township to demand or accept, and the only recourse of the township is that provided by statute for the collection of the tax. Also, that, upon reassessing the tax with penalty, the township elected to have recourse to the statutory remedy and suit upon the bond was barred thereby.

It is well settled that, in the absence of a special contract, there is no personal liability on the part of the property owner. See *Schaefer* v. *Woodmere Cemetery Ass'n,* 256 Mich. 332. It is conceded that the improvements benefiting the property would not have been made by the township had not the bond been given, and plaintiff contends that, after inducing official action by the giving of the bond, Mr. Wark and his surety are estopped from asserting the invalidity thereof.

The agreement by a property owner, wishing to have his property benefited by local improvements, to pay the assessment therefor, violated no principle of public policy, and is enforceable, and the law will not permit such owner to repudiate liability after the work is completed and the benefits conferred. The theory of local improvements is that of local benefits, and we can see no reason for releasing the owner from the voluntary assumption of an obligation to pay for such special benefits to his property after he has thus obtained the improvements and profited by the benefits.

General principles announced in the following cases and text-books have been found helpful: *Township of North Star* v. *Cowdry,* 212 Mich. 7; *City of Charlotte* v. *Alexander,* 173 N. C. 515 (92 S. E. 384, L. R. A. 1917 F, 493) ; 5 McQuillin, Municipal Corporations (2d Ed.), § 2011; *Floyd* v. *Atlanta Banking Co.,* 109 Ga. 778 (35 S. E. 172) ; *Harnwell* v. *White,* 115 Ark. 88 (171 S. W. 108) ; *Gerard* v. *City of Seattle,* 73 Wash. 519 (132 Pac. 227) ; *City of Belfast* v. *Belfast Water Co.,* 115 Me. 234 (98 Atl. 738, L. R. A. 1917 B, 908) ; Page & Jones, Taxation by Assessment, § 17.

Knowing that the township would not undertake the establishment of the improvements benefiting a

few property owners without assurance that the expense thereof would be paid, Mr. Wark and the surety voluntarily entered into the engagement sued upon. There was sufficient consideration in the special benefits to be conferred by the improvements. The township will derive no benefit distinct from that of the property owners from recovery on this bond. The statute does not provide for any such bond, neither does it prohibit such an exaction. Upon the filing of the petition, the township was under no obligation to enter upon construction of the improvements. It was not a right of Mr. Wark to have the improvements made. The subject of the improvements called for action by the officials of the township, and, in this instance, they were moved to act by the giving of the bond.

As said in *City of Charlotte* v. *Alexander, supra:*

"In our opinion, it is both good morals and sound law to hold that when a person has accepted the benefits of a contract, not *contra bonos mores,* he is estopped to question the validity of it."

We find no estoppel by election worked by re-assessment. The bond required the demand to be fixed by assessment, and there was no election to do otherwise in reassessing. The judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.